CYRUS H. McCORMICK *et al.*

*v.*

GEORGE M. HADDEN.

1. SALE OF PERSONAL PROPERTY — *secret lien.* Where the vendor of personal property delivers possession to the purchaser, under an agreement that the property is to be considered as belonging to the vendor until the payment of the purchase money, notwithstanding such delivery of possession, such agreement, as to creditors of the purchaser, is fraudulent and void.

2. DELIVERY OF POSSESSION—*what amounts to, as between the parties.* If the vendor of a reaping machine give to the purchaser, who has executed his note for the purchase money, an order on the person having the custody of the machine to deliver it to the purchaser, the giving of the order is a delivery of possession, and, in the absence of fraud, the order can not be recalled.

WRIT OF ERROR to the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was an action of replevin, brought at the September term, 1863, by Cyrus H. McCormick & Co., against George M. Hadden, to recover possession of two horses. The defendant below had a verdict and judgment. The facts appear in the opinion of the court.

Messrs. Storrs & Marsh for the plaintiffs in error.

Mr. S. W. Brown for the defendant in error.

Mr. Justice Lawrence delivered the opinion of the court:

In November, 1861, the plaintiffs in error, by their agent, Champlin, sold to Gilbert Hadden and Lewis C. Hadden, a reaper, a grain drill and some wheat in- store. The purchasers gave their notes for the purchase money, secured by a chattel mortgage on two horses in the possession of Gilbert Hadden. Soon after this transaction, George M. Hadden, the defendant, came to the house of Gilbert, and took away the horses. Thereupon the plaintiffs brought their action of replevin, and the verdict and judgment being against them in the Circuit Court, they have brought the record here.

It appeared on the trial that Gilbert Hadden bought the horses from the defendant about a year before the mortgage was given, and they were delivered into his possession under an agreement that he was to give a chattel mortgage as security for the purchase money, which was to be paid at the end of one year, and until this should be done, the horses were to remain the property of the vendor. This court has, however, decided that such an agreement is constructively fraudulent as to creditors, and that as to them, the property must be considered as belonging to the purchaser holding the possession. See *Ketchum* v. *Watson*, 24 Ill., 591.

It is, however, contended by the counsel for the defendant that the latter resumed possession of the horses before the property bought by Gilbert and Lewis C. Hadden had been actually delivered to them by the plaintiff's agent, and that the credit can not, therefore, be considered as having been given by such agent to the purchasers until the resumption of possession by the defendant gave notice of his title. When the reaper was sold, it was some four miles distant from the place of business of the plaintiffs' agent, and near the residence of the purchasers. The agent, on the execution of the

notes, gave the purchasers an order for the reaper. This was, in itself, a delivery, and at this time the defendant had not resumed possession of the horses.   The delivery was complete, because nothing more remained to be done by the vendor.   He had no right to countermand this order unless a fraud had been practised on him, and in that event he would have had the same right to resume possession after an actual, manual delivery of the property.   But he was not bound to resort tô this right, and take upon himself the burden of proving the fraud.   When the sale was made, the notes and mortgage given, and the reaper placed under the control of the purchaser, the plaintiffs were at liberty to insist on their rights as creditors.   It does not appear when the warehouse receipt for the wheat was given.   The drill was not delivered until the following March,.but that is immaterial, as the rights of the plaintiff under the mortgage became complete as soon as any portion of the property, the payment for which it was intended to secure, was delivered. A new trial should have been granted.

*Judgment reversed.*