Elbert, C. J.
Where a case is heard on an agreed state of facts, no exception to the judgment is necessary. Clayton v. Smith, 1 Colo., 95.
The agreement of Tufts with Berbower & Walther that the title to the property sold and delivered to them should remain in Tufts until payment of the purchase money, was void as to creditors. Tufts, if desirous of preserving a lien on the property sold, should have complied with the provisions of the chattel mortgage act then in force. R. S., 102.
Secret liens, which treat the vendor of personal property who has delivered possession of it to the purchaser as the owner, until the payment of the purchase money, cannot be maintained. They are constructively fraudulent as to creditors, and the property, so far as their rights are concerned, is considered as belonging to the purchaser holding the possession. This is the doctrine of the Supreme Court of Illinois under a similar statute. *158 Murch v. Wright, 46 Ill., 488; McCormick v. Hadden, 37 Ill., 370; Ketcher v. Watson, 24 Ill., 59; Henry et al. v. R. I. Locomotive Works, 3 Otto, 672.
Thos. George, for plaintiff in error.
J. W. Horner, for defendant in error.
Nor does notice of the lien, affect the right of creditors. Frank v. Miner, 50 Ill., 445; Porter v. Dement, 35 Ill., 479.
The judgment of the court below should have been for the plaintiff in error. The judgment i§ reversed and the cause remanded with directions to enter judgment in accordance with the views herein expressed.