H. A. PITTS' SONS MANUFACTURING COMPANY v. ROBERT A. LEWIS, et al.

1. EVIDENCE, *Erroneously Admitted.* Under a plea of a total failure of consideration, it is error to admit evidence of an attempted rescission of the contract based upon a partial failure of consideration.

2. CHATTEL MORTGAGE; *Default; Sale; Credit.* Where personal property is sold, and to secure the payment the vendor takes a chattel mortgage on the property, and also a mortgage on some real estate, and thereafter on default the chattel mortgagee takes possession of the personal property and sells it in accordance with the provisions of the statute, *held,* that the purchaser is only entitled to a credit of the net amount realized on such sale; and also that in an action to foreclose the real-estate mortgage, it is error to refuse an instruction that such a credit is all that the purchaser is entitled to.

*Error from Pawnee District Court.*

ACTION brought by *H. A. Pitts' Sons Mfg. Co.* against *Lewis* and wife, upon two promissory notes, and to foreclose

a real-estate mortgage given by the defendants to secure the payment thereof. Trial at the September Term, 1882, of the district court, before A. B. J., judge *pro tem.*, and a jury. Verdict for defendants, and judgment for $103.66 costs against the plaintiff, and for the cancellation of the notes and mortgage. *The Company* brings the case here. The opinion states the facts.

*Van Winkle & Vernon*, and *C. N. Sterry*, for plaintiff in error.

*W. M. Matheny*, and *P. C. Hughes*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The facts in this case are as follows: In July, 1881, plaintiff in error, plaintiff below, sold to Robert A. Lewis, one of the defendants in error, a steam threshing machine for the sum of $1,655. For the payment thereof it took two notes signed by the defendant Lewis, and secured by chattel mortgage on the property sold, and also a real-estate mortgage executed by both defendants. Upon the maturity of the first note, it not being paid, plaintiff took possession under its chattel mortgage of the personal property mortgaged and sold the same at public auction, after due notice, for the sum of $500, which was credited on such note. Thereafter it brought this action to foreclose the real-estate mortgage for the remainder due on the two notes. The defendants answered, admitting the execution of the notes and mortgage, alleging that the consideration of the notes was this threshing machine, that upon trial the machine proved to be utterly worthless and of no value whatever, and therefore that the consideration of the notes had wholly failed. The case went to trial before a jury, and resulted in a verdict and judgment for defendants. Plaintiff alleges error.

While a variety of questions is suggested and discussed by counsel, we think it unnecessary to consider more than two. The first is this: The answer, as heretofore stated, set up as a defense that the machine was worthless, of no value what-

ever, and therefore that the consideration of the notes had failed. In other words, the plea was a total failure of the consideration. It did not allege any rescission of the contract, or return, or offer to return, the property; in short, made no pretense of a rescission of the contract, but rested alone upon its claim of a total failure of consideration. Upon the trial it appeared that the property sold consisted of a steam engine and threshing machine. The price of the steam engine was $1,150; of the machine, the remainder of the notes. And as the purchaser himself admits, the steam engine was worth $1,150, all he contracted to pay for it, the defect and failure being alone in the threshing machine proper. Of course this admission of defendant of the value of the steam engine destroyed the defense as a full defense. There could be no total failure of consideration when the most valuable portion of the property purchased was admitted to be of the value stipulated. Defendants therefore on the trial sought to prove a rescission of the contract; that the threshing machine proper could not do the work represented, was in fact a failure, and that therefore the defendants elected to rescind the contract, tendered the steam engine and the machine back to plaintiff, and demanded a cancellation of their notes. Plaintiff objected to this testimony, on the ground that no such defense was set up in the answer. The court overruled the objection, admitted the testimony, and upon this theory of a rescission of the contract, and this theory alone, judgment was finally entered in favor of the defendants. Now that there is an essential difference between a defense of a total failure of consideration and that of a rescission of the contract is obvious. By the one, defendant claims that he received nothing of value, and therefore should pay nothing; by the other, that what he received, whatever its value, was not the thing or of the quality contracted for, and that because of this he had returned, or offered to return, it to the plaintiff, and canceled the attempted purchase. Notice of the one defense is not notice of the other. A plaintiff might well be prepared to meet the

former, and at the same time surprised and wholly unprepared to meet the latter. At any rate, there should be a plea of the latter before evidence in support of it is received. Perhaps in would have been in order to permit an amendment of the answer; but no amendment was asked; and if it had been asked and granted, the question of a continuance would naturally have arisen. We need not speculate, however, as to the future course of the trial, or the questions which might have been presented. It is enough that the court erred in permitting evidence of a rescission upon a plea of a total failure of consideration. Doubtless upon a plea of a total failure of consideration, evidence of a partial failure is admissible, and upon proof thereof, the damages may be reduced *pro tanto*. And when there is a plea of rescission, and it appears that the consideration is absolutely worthless, there is no need of a return, or offer to return. (*National Bank v. Peck*, 8 Kas. 660; *Smith v. McNair*, 19 id. 330.) But here the larger part of the consideration is admitted by defendants to have been good, and of the value represented, and the verdict of the jury can be sustained alone upon the theory of a rescission, a rescission justifiable alone upon the ground that a part of the consideration and the inducement to the contract was a failure. Such a defense was not pleaded, and no proof of it should have been received. The fact that after the testimony had all been admitted, the plaintiff asked instructions suitable to the case as it then stood, does not operate as a waiver of the objections to such testimony. This error is fundamental, changed the whole scope of the investigation, and compels a reversal of the judgment, and a new trial.

Again, as security for these notes defendants gave a chattel mortgage on the property sold, as well as the real-estate mortgage in suit. On the maturity of the first note, plaintiff took possession of the property under the chattel mortgage, sold it at public auction, and applied the proceeds on the note. The plaintiff asked an instruction to the effect that if these proceedings were all regular, defendants were

entitled to a credit on the notes of only the amount realized on such sale. This instruction was refused. It should have been given. It is correct, appropriate, and demanded by the situation. The sympathies of the jury would naturally be with defendants. If plaintiff received the property back on its chattel mortgage, it was easy to say that it ought to be satisfied. And if the property sold for much less than the original contract price, it was very easy to say that it could not have been worth the contract price in the first instance, and that there must have been something wrong about it. Hence, a clear affirmation of the rights and liabilities growing out of the chattel mortgage and the sale under it, was not only proper but demanded, and it was error to refuse an instruction to that effect.

We think it unnecessary to consider other matters. The judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.