New England Piano Co. v. Maxwell.

---

## New England Piano Company v. Harry W. Maxwell.

1. CONDITIONAL SALES—*Of Personal Property—Secret Liens.*— If possession of personal property is delivered under a contract, by which the receiver, on the performance by him of a condition subsequent, shall have the right to become the owner thereof, and there is no compliance with the statute concerning chattel mortgages, the title of the party delivering such possession must yield to the claim of the creditor having a valid chattel mortgage on such property, made by the party in possession thereof.

Replevin, for a piano. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

GRIFFIN & BRADLEY, attorneys for appellant.

One in possession of personal property as bailee can not convey title to an innocent purchaser. Bjork v. Bean, 57 N. W. Rep. (Minn.) 657; Hodderly v. Backus, 55 N. W. Rep. (Minn.) 116; Hutchinson v. Oswald, 17 Bradw. 28; Cox v. McGuire, 26 Ill. App. 315; Colton v. Wise, 7 Ill. App. 396.

G. FRANK WHITE, attorney for appellee.

Contracts of sale whereby the seller undertakes to secretly retain title in himself, but to give an appearance of ownership in the purchaser, are void as to third parties. Fifield v. Farmers Nat. Bank, 47 Ill. App. 118.

A lease of personal property under an agreement that when a certain amount is paid the subject-matter of the lease is to become the property of lessee, and that past payments of rent are to count as payments on the purchase price, is a sale. Murch v. Wright, 46 Ill. 487, and cases cited.

Whatever the form of an agreement, if its purpose is to cover up a sale and preserve a lien in the vendors for the price of the goods, it is void as respects creditors. Thompson v. Pratt, 94 Penn. St.; Fifield v. Farmers Nat. Bank, 47 Ill. App. 118.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The question in this case is as to the validity of the claim of the appellant under a "Rental Contract," to the property described in it, as against the claim of the mortgagee without notice of the contract, under a chattel mortgage, about the regularity of which no question is made, given by the Lawrence named in the contract; which contract is as follows:

"RENTAL CONTRACT.

CHICAGO, Ill., Dec. 13, 1892.

This is to certify that I have this 13th day of December, 1892, hired and received of the New England Piano Co., 262 and 264 Wabash Ave., Chicago, Ill., one upright piano, style D, No. 53,477, makers' name Gilbert & Co., and valued at three hundred dollars.

For the use or rent of said instrument, I agree to pay New England Piano Company or their legal representatives five dollars per month, and three dollars carting to be paid in advance before delivery of piano.  I further agree to pay New England Piano Company or their legal representatives, in addition to rent and carting as herein specified......  dollars per month to cover insurance on piano during term of rental, said insurance moneys to be paid with each......  rent.

The instrument to be returned in as good condition as when received, reasonable and ordinary use and wear thereof excepted.   In the city proper, carting to be paid one way before delivery, with first month rent; in all other places, carting to be paid both ways with first month rent.   The instrument to be sent out in good tune and order; all subsequent tuning to be paid for at regular rates by me.   All repairs to be made without charge, provided such repairs are not rendered necessary by my negligence or carelessness, in which event I am to pay for such repairs.

The instrument is not to be removed from my present address, as stated herein, and to which point the instrument is to be delivered, without the written consent of the said New England Piano Company, or their legal representatives.  For any breach of this contract, or if the New England Piano Company, or their legal representatives, feel insecure, he, or they, may enter the premises whereon said piano may be, first paying, or tendering payment, of sum paid, if any, for time not then expired, and remove said piano therefrom without liability for trespass or otherwise.   I hereby agree to hold the said New England Piano Company, or their legal representatives, free and clear from any and all claims for damages to premises which may occur during delivery or removal of said piano.

No agreement of sale of said instrument is implied hereby, nor shall a sale or purchase of said instrument be deemed valid without a written receipt from said New England Piano Company, or their legal representatives.

Should said renting continue longer than six months, in

the event of my then buying said instrument, as a measure of its depreciation by use, a sum equal to seven months' rental, and no more, shall be deducted from the valuation price above specified.

To all of the above, I hereby agree.

Residence, 402 Bowen Av.

Place of business......

Signature,        L. C. LAWRENCE."

Had Lawrence at any time, at least after the expiration of six months, been ready and willing and offered to pay for the piano, $300, less what he had paid in multiples of $5, his right to the piano under the last sentence of the contract would hardly admit of question, nor can it be reasonably doubted that the intention, to carry out which the contract was made, was that he should so pay, and become the owner of the piano. The observations made in Gilbert v. Gere, (p. 590, this volume,) are equally applicable to this case.

The mortgage creditor in this case stands on the same footing as the execution creditor in that. McCormick v. Hadden, 37 Ill. 370.

The judgment is affirmed.