W. L. CHRISTIE V. ROY SCOTT.

No. 15,364.    (94 Pac. 214.)

SYLLABUS BY THE COURT.

1. SALES—*Conditional—Purchase-money Note—Retaking Pos-session—Revocation of Contract—Failure of Consideration.* C. sold to S. an article of personal property and at the time of sale took a promissory note executed by S. for the full amount of the purchase-price, bearing interest until paid, and on the same paper, following the promissory note and before the signature of the maker, the following contract was inserted: "The express condition of the sale and purchase of [words describing the particular implement] for which this note is given is such that the right or title or ownership does not pass from W. L. Christie until this note and interest is paid in full, and he may declare this note due at any time, even before its maturity, and also take possession of said above-named property, remove and sell the same, and apply the proceeds toward payment of this note, less the expense of such removal and sale. All expense incurred in the collection of this note after maturity shall be paid by the maker thereof. Payable at the office of W. L. Christie, Cedar Vale, Kan." C., in accordance with the provisions of the contract, after default of payment, took possession of and sold the property described therein and applied the proceeds toward the payment of the note, and afterward brought suit for a balance remaining unpaid thereon. *Held,* that the law does not imply a revocation of the contract by such taking and selling, nor does it imply that there is no consideration remaining to support a recovery upon the unconditional promise in the note to pay the remainder of the purchase-price.

2. PLEADINGS—*Demurrer—Statute of Limitations.* Where it appears by a pleading that more than five years have elapsed since the maturity of a note before the bringing of an action thereon, but facts are alleged in the pleading which, if true, suspended the running of the statute for such time that the bar thereof had not fallen at the commencement of the action, a demurrer to the pleading on the ground that it shows upon its face that it is barred by the statute of limitations should be overruled.

3. PARTIAL PAYMENTS—*Application—Interest-bearing Note.* The rule in this state for the application of partial payments on an interest-bearing promissory note is, if the payment exceed

17—77 KAN.

the interest due, to apply it first in discharge of the interest and the remainder in reduction of the principal; if the payment be less than the interest due, it is to be applied upon the interest, but the remainder of interest is not to increase the principal.

Error from Chautauqua district court; GRANVILLE P. AIKMAN, judge. Opinion filed February 8, 1908. Reversed.

### STATEMENT.

W. L. CHRISTIE sold to Roy Scott at different dates a wagon, a buggy and a cultivator, and, to secure the payment of the purchase-price, took separate promissory notes for the amount of each purchase. On the same paper, following the usual form of a promissory note and above the signature thereto, was the following:

"The express condition of the sale and purchase of [words describing the particular implement] for which this note is given is such that the right or title or ownership does not pass from W. L. Christie until this note and interest is paid in full, and he may declare this note due at any time, even before its maturity, and also take possession of said above-named property, remove and sell the same, and apply the proceeds toward payment of this note, less the expense of such removal and sale. All expense incurred in the collection of this note after maturity shall be paid by the maker thereof.

"Payable at the office of W. L. Christie, Cedar Vale, Kan."

Two of the notes were paid in part, and, the other remaining wholly unpaid, Christie took possession of each implement, sold it, and indorsed the proceeds on the note given for the purchase-price thereof. Thereafter he brought suit against Scott in a justice court, setting up the notes and the payments thereon, and alleging the absence of the defendant from the state for a sufficient time to remove the apparent bar of the statute of limitations. The case was appealed from the

justice court to the district court of Chautauqua county, where a demurrer was filed to the plaintiff's petition and sustained, and the case is brought to this court to review the ruling thereon.

*W. H. Sproul,* and *N. E. Van Tuyl,* for plaintiff in error.

*J. E. Brooks,* and *C. W. Spencer,* for defendant in error.

The opinion of the court was delivered. by

SMITH, J.: The defendant moves to dismiss the case here on the ground that there is not one hundred dollars in value involved. To establish this claim he computes the interest on each note from the date of the same to the 13th day of February, 1906, being the day the demurrer was sustained, then adds these amounts together and deducts therefrom the sum of all the partial payments with interest on each payment from the date it was made to February 13, 1906. By this method he finds a balance due on February 13, 1906, of $84.90. This method of computing interest is known as the mercantile method. The plaintiff, however, computes interest and applies partial payments according to the method known as the United States rule; that is to say, a partial payment being made and exceeding the amount of interest due on the note, he applies the payment first to the discharge of the interest due and the remainder to reduce the principal. If the payment be less than the interest due, the payment is applied to the interest, but the balance of interest is not applied to increase the principal. By this method of computation there appears to have been in issue on February 13, 1906, the sum of $101.46. The latter is the almost universal method of computing interest and applying payments in this state, as well as in the great majority of states. (22 Cyc. 1564, and authorities there cited.) The motion to dismiss is denied.

The bill of particulars of the plaintiff, upon which the case was presented in the district court, embraced three causes of action, one upon each note. Separate demurrers, upon the same grounds, were filed to each cause of action, the first ground being that sufficient facts were not stated to constitute a cause of action; the second, that the cause of action showed upon its face that it was barred by the statute of limitations. The court sustained each of the demurrers on both grounds.

It is contended on the part of defendant, as it appeared in each cause of action from the contract attached to the promissory note that the plaintiff reserved the title and right of possession of the property sold, the price of which constituted the only consideration for the note, and thereafter took possession of the property and sold it, that this constituted a revocation of the contract of sale and no consideration remained for the note; in other words, that the transaction constituted a conditional sale, and upon the defendant's breaking the condition of payment the plaintiff elected to avoid the sale, or should be conclusively presumed to have elected to avoid the sale, by the taking of the property, and that the plaintiff could not thereafter recover on the note.

Authorities are cited from several states which hold that, where the contract attached to a note shows the seller retained the title and right of possession of the property until payment was made, and took possession of the property under the contract, the consideration for the note thereby failed and he cannot recover upon the note. The contract in this case, however, goes further and provides that the seller may take possession of the property, remove and sell the same, and apply the proceeds toward the payment of the note, less the expense of such removal and sale. This is a plain recognition of the obligation to pay the note after the taking of the property. At least since the enactment of section 4257 of the General Statutes

of 1901, providing for the recording of such notes and contracts as chattel mortgages, these contracts should be regarded as on the same basis as chattel mortgages. Indeed the transaction, reserving the title and right of possession and right to retake the property, is intended and operates simply as a security for the debt.   The transaction does not essentially differ from one in which the seller, at the time of making a sale, takes a promissory note for the purchase-price and at the same time, and before he has really transferred the property sold, takes a mortgage thereon to secure the payment of the note—the purchase-price.   Under the law of this state such a mortgage conveys the title and right of possession to the mortgagee.   In the one case the purchaser agrees unconditionally to pay a certain stated sum as the purchase-price, and agrees that the seller shall hold the title to the property and right of possession until the debt is paid, and, if it be not paid, that the seller may take the property and sell it and apply the proceeds of the sale toward the payment of the note, implying that the proceeds may be less than the amount of the note. In the other case the purchaser executes a promissory note and unconditionally promises thereby to pay the purchase-price, and, before he has actually received the property purchased, conveys the title and right of possession thereof to the seller, and further agrees that the seller may take possession of the property and sell it and apply the proceeds, less the expenses, toward the payment of the note.   There is a theoretical distinction between the two transactions, but no practical difference.

It has never been held in this state, where a mortgagee, under such circumstances, took the mortgaged property and sold it in good faith at a less price than the amount of the note given for the purchase thereof, that the consideration had failed for the balance remaining on the note.   On the other hand, the opposite of this proposition was decided by this court nearly twenty-five years ago, in *Mfg. Co. v. Lewis,* 30 Kan.

541, 1 Pac. 812, and the law on that subject has since been so generally regarded as settled by that decision that the court has never heretofore had occasion to cite the case. In the case at bar the purchaser may have had full consideration in the use of the articles purchased for the balance remaining unpaid on his notes. Under the contract attached to these notes, we hold that the plaintiff was authorized to take the property and sell it and apply the proceeds toward the payment of the notes, and that by so doing the law does not imply a revocation of the contract of sale, nor does the law imply that there remains no consideration for the payment of the balance due on the notes.

As to the second ground of demurrer, the bill of particulars in each cause of action alleged the absence of the defendant from the state of Kansas a sufficient length of time after the maturity of the notes and before the action was commenced to remove the bar of the statute of limitations, or rather to suspend the running of the statute of limitations for such a length of time that the bar had not fallen at the time of the commencement of the action. (Gen. Stat. 1901, § 4449.) And these allegations, as well as the allegations of payment, for the purposes of the demurrer, are admitted to be true. (*Pears v. Wilson,* 23 Kan. 343.)

The order sustaining the demurrer to each of the three causes of action is reversed, and the case is remanded for further proceedings in accordance with the views herein expressed.