No. 21,795.

THE MINNEAPOLIS THRESHING MACHINE COMPANY, *Appellant,*
v. FRANK T. NASH, *Appellee.*

### SYLLABUS BY THE COURT.

1. CONDITIONAL SALE—*Reservation of Title—Possession Retaken—Obligation of Buyer to Pay Full Price.* A provision in a contract of conditional sale, whereby reservation of title by the seller was not to be regarded as a waiver of the buyer's obligation to pay the full amount of the price, considered, and held to render the defense of failure of consideration after possession retaken unavailable.

2. SAME—*In Effect a Chattel Mortgage.* A contract of conditional sale containing the provision referred to, considered, and held to express an obligation to pay the price, and to be in effect a chattel mortgage securing payment of the price.

3. SAME—*Possession Retaken by Seller—Consistent with Contract.* The conduct of the seller in retaking possession of the property sold and in exercising and invoking his remedies, considered, and held to be consistent with the interpretation of the contract which has been stated.

Appeal from Mitchell district court; RICHARD M. PICKLER, judge. Opinion filed December 7, 1918. Reversed.

*C. L. Kagey, Omer D. Smith,* both of Beloit, and *Joseph A. Hosp,* of Minneapolis, Minn., for the appellant.

*Frank A. Lutz,* and *Amzie E. Jordan,* both of Beloit, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover the unpaid portion of the price of farm machinery, and for other relief. A demurrer was sustained to the petition on the ground it disclosed failure of consideration of the contract of sale. The plaintiff appeals.

The plaintiff delivered the machinery under an accepted order, signed by the defendant, which stated the terms of sale. The defendant agreed to pay cash on or before delivery in the sum of $1,700, execute certain notes and a mortgage securing them, and deliver to the plaintiff certain old machinery. The defendant also agreed that if he failed to settle for the machinery according to the terms of the order, the order should

stand as his written obligation to pay the price. It was further provided that the right, title and interest in and to the goods sold should remain vested in the seller until settlement therefor was concluded according to the terms of the order, but that reservation of title should not be deemed or construed as a waiver of the purchaser's obligation to pay the full amount of the price. The cash payment of $1,700 was not made on delivery of the machinery, and the seller subsequently took possession of it. The petition alleged that possession was taken to preserve the seller's lien, and that the property was held for the use of the purchaser. The prayer was for judgment for $1,700 and interest, for foreclosure of the lien, for sale of the property, and for application of the proceeds of sale to payment of the judgment.

Whether or not the demurrer was properly sustained depends on two factors—the proper interpretation of the contract, and the conduct of the plaintiff.

In the case of *Christie v. Scott*, 77 Kan. 257, 94 Pac. 214, the contract reserved title and right of possession on default, and provided the vendor might sell the property and apply the proceeds to payment of the notes given for the price. The authorities on which the present defendant relies, holding that when the seller takes possession under reservation of title the consideration for the obligation to pay the price fails, were adverted to, and it was held that the provision for sale of the property and application of the proceeds constituted a plain recognition of the buyer's obligation to pay after possession retaken; consequently the contract was interpreted as one of security, and it was given the effect of a chattel mortgage. In this instance the contract itself provided that in no event should reservation of title operate as a waiver of the buyer's obligation to pay. What was implied from the provision for sale and application of proceeds in the Christie case—recognition of the obligation to pay after possession retaken—is here expressed, and the expression necessarily controls interpretation of the instrument, and characterizes it as one for security. The seller parted with possession without payment of the price in cash on the consideration, in part, that in no event should reservation of title operate as a waiver of the buyer's obligation to pay. The seller was authorized to rely on the covenant,

and to act accordingly. The right to take possession was implied from reservation of title, or the reservation was meaningless. The right of possession is an incident of title, and taking possession was merely an event in the proper assertion of title reserved.

It will not be assumed that the intention was the seller should eat the cake and have it, too, and consequently the contract should be regarded as an obligation to pay, and of security, and should be enforced as such, unless the seller has elected to treat the instrument otherwise.

The suit is brought on the contract. The buyer's right to pay and enjoy the fruit of his bargain is recognized, so that an election by the seller to rescind or disaffirm cannot be implied. It is alleged that possession was taken to preserve the seller's lien, so that an election to forego payment of the price and resume absolute ownership cannot be implied. The action for the price includes enforcement of the lien in the usual way. Consequently the conduct of the seller has been consistent throughout with the right to recover the price and to enforce the instrument as security for payment of the price.

In L. R. A. 1916A, pages 915 and 925, may be found annotations dealing with the subject of the effect of retaking property by the seller on the rights and remedies of the parties to a contract of conditional sale. Among the cases cited is that of *Utterson Lumber Co. v. H. W. Petrie, Ltd.*, 17 Ont. L. R. 570, in which a provision that retaking should not affect liability for purchase money was considered. A seller recovered judgment against a buyer for the price of a machine, and subsequently took the machine from the possession of one who had received it from the buyer with notice complying with the act respecting conditional sales of chattels. The action was one against the seller for conversion. The court recognized the general principle that ordinarily if the seller sue for the price he cannot claim title did not pass, and that if he retake possession under a reservation of title he cannot sue for the price; but the court said:

"Here the terms of the agreement between the parties are different, and in case of Bird's default the defendants are not by the terms of the contract put to their election, but are left in the full enjoyment of the right to demand payment of the purchase money, and until payment to resume possession. If the general proposition contended for by Mr. Raney

were the law, then were a vendor to resume possession and thereafter sue for the whole purchase money, the right to possession would at once be lost, and the property in the chattel would at once pass to the purchaser. But this result would be contrary to the express agreement of 'the parties, which provides that 'the title . . . shall not pass . . . until all moneys payable . . . have been fully paid . . . and in case of default of any of the payments . . . and without affecting my liability for purchase money . . . you are at liberty . . . to remove the said machinery,' etc.

"Thus it was expressly agreed between the parties that the defendants might resume possession without thereby affecting Bird's liability for the purchase money—that is, the vendor was to be entitled to possession until payment of the purchase money." (p. 575.)

In the defendant's brief it is said that the buyer had an option to give a mortgage or to allow the accepted order to stand as his obligation. If this were true, the accepted order would still be treated as an instrument of security because of the special feature of 'the contract already considered; but as the court reads it, the provision for giving a mortgage did not apply to the cash payment.

The judgment of the district court is reversed, and the cause is remanded with direction to overrule the demurrer.