No. 22,351.

THE STATE OF KANSAS, *Appellee,* v. R. A. WEBB, *Appellant.*

SYLLABUS BY THE COURT.

SELLING CHATTEL-MORTGAGED PROPERTY—*Title Note Not a Chattel Mortgage.* A title note (one evidencing the conditional sale of personal property and reserving the title thereto in the vendor until full payment of the purchase price) is not a chattel mortgage within the meaning of that term as used in section 6513 of the General Statutes of 1915, punishing the unlawful disposition of mortgaged personal property.

Appeal from Pawnee district court; ALBERT S. FOULKS, judge. Opinion filed October 11, 1919. Reversed.

*H. S. Rogers,* of Larned, for the appellant.

*Richard J. Hopkins,* attorney-general, *J. K. Rankin,* assistant attorney-general, and *Roscoe E. Peterson,* county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a judgment of conviction in a prosecution brought under the statute penalizing the unlawful disposal of mortgaged personal property. The information alleged that, with the purpose to defraud the mort-

gagee, and without his written consent, he disposed of an automobile on which at the time there was a chattel mortgage "of the form commonly known as a title note" to secure an indebtedness of $350, and that the instrument was binding and properly of record in the office of the register of deeds. After his motion to quash was overruled, the defendant pleaded guilty, and later moved in arrest of judgment.

The sole question involved is whether the section under which the information was drawn, section 6513 of the General Statutes of 1915, includes a title note. One of these instruments, when properly recorded, is, in many respects, the same in effect as a chattel mortgage. It has been said that these contracts should be regarded on the same basis as a chattel mortgage; that there is a theoretical distinction, but no practical difference. (*Christie v. Scott,* 77 Kan. 257, 261, 94 Pac. 214.) In *Paul v. Lingenfelter,* 89 Kan. 871, 137 Pac. 1179, it was said.

"No reason can be suggested for regarding contracts of this character as any different in effect from chattel mortgages." (p. 873.)

It was there held that actual notice of unrecorded title notes does not affect the creditor any more than actual notice of an unrecorded chattel mortgage.

It remains to be seen, however, whether the legislature intended to make criminal the disposition of property covered by a title note. The present statute, providing for recording chattel mortgages (Gen. Stat. 1915, § 6495), was enacted in 1868. The provision for renewals was made at the same time, and amended by chapter 364 of the Laws of 1903, both the original statute and the amendment leaving the chattel mortgage void unless renewed within a certain time. Not until 1889 was provision made for the recording of notes evidencing a conditional sale, title being reserved in the vendor until payment, when, by chapter 255 of the Laws of 1889, it was provided that such instruments (described in the title of the act as "title notes") might be deposited with the register of deeds, and should thereafter be "subject to the law applicable to the filing of chattel mortgages." This was amended by the legislature of 1901 (Gen. Stat. 1915, § 6508), by providing that these instruments "shall be entered upon the records the same as a chattel mortgage, and when so deposited shall remain in full

force and effect until the amount of the same is fully paid, without the renewal of the same by the vendor;  . . .  · ”  This makes quite a material distinction between a title note and a chattel mortgage in respect to the continuation of the lien, the record of the latter requiring to be renewed biennially. (Gen. Stat. 1915, § 6497.)   While the effect of title notes and chattel mortgages is in many respects the same, the former retain title in the seller, while the latter convey title to the lendor.

Chapter 104 of the Laws of 1901 (Gen. Stat. 1915, § 6511) made it a crime for a "mortgagee named in a chattel mortgage" to execute a release or satisfaction of such "chattel mortgage." It will be observed that in this act no mention is made of title notes, while chapter 255 of the Laws of 1889 speaks of "vendor" and "creditors of the vendee," and not of mortgagors and mortgagees.

The recording act (Gen. Stat. 1915, § 6495) covers "Every mortgage or conveyance intended to operate as a mortgage of personal property,  . . .”  Not only was this broad language not deemed sufficient to include title notes (*Sumner v. McFarlan,* 15 Kan. 600), but when the act providing for recording those instruments was framed, this phraseology was used:

"Any and all instruments in writing or promissory notes now in existence or hereafter executed evidencing the conditional sale of personal property, and that retains the title to the same in the vendor.  . . .”  (Laws 1889, ch. 255, Gen. Stat. 1915, § 6508.)

The legislature of 1874, by chapter 72, made it a crime to fraudulently dispose of property covered by chattel mortgage. This was amended by chapter 161 of the Laws of 1897, and again by chapter 226 of the Laws of 1911, which is section 6513 of the General Statutes of 1915, under which the information in this case was drawn.   When the original statute was enacted, and for years thereafter, there was no provision for recording title notes, and it is impossible to believe that when the legislature used the phrase "mortgagor of personal property" (which words mark the beginning of the section in its present form), the giver of a title note was intended to be included. Both statutes have been amended, but no change has been made in the acts defining the crime to indicate any broadening of the language first used, so as to include title notes, which in fact and in strict legal contemplation are not chattel mortgages, but instruments which accomplish a similar purpose.

The exact wording of the document in question is not disclosed, and the prosecution argues that the allegation that it was a chattel mortgage makes the information good, even under the law as we have just declared it, notwithstanding the further averment that it was "of the form commonly known as a title note." Doubtless a contract might be written employing some expressions appropriate to a title note but upon the whole constituting in legal effect a chattel mortgage. The pleader did not here use language fairly suggesting that situation. His characterization of the instrument as a chattel mortgage, while stating that its form was that of a title note, must be regarded as the pleading of a conclusion of law, the qualification respecting its form being apparently inserted for the commendable purpose of enabling the vital legal question in the case to be determined upon the face of the papers.

The judgment is reversed, and the cause is remanded with directions to discharge the defendant.