Lumbar v. Janzen.

---

No. 23,957.

I. A. Lumbar, *Appellant,* v. J. C. Janzen and J. F. Janzen, a Copartnership doing business as J. C. Janzen & Co., *Appellees.*

SYLLABUS BY THE COURT.

1. Title Note—*Sale of Tractor—Erroneous Instructions.* In an action to recover on a title note wherein the title to a machine purchased was reserved as security for the payment of the purchase price, it is held that an instruction given relative to the sale of the machine and a claimed rescission of the contract was not appropriate to the evidence and conceded facts and did not fairly present the issues in the case to the jury.

2. Same—*Possession of Property Retaken—No Waiver of Maker's Obligation to Pay Full Price.* Rule followed, that the taking of possession of property, the title of which is reserved as security in the manner authorized by the terms of the title note, does not amount to a waiver of the maker's obligation and cannot be regarded as a rescission of the sale contract.

Appeal from Marion district court; Roswell L. King, judge. Opinion filed November 4, 1922. Reversed.

*W. H. Carpenter,* and *W. R. Carpenter,* both of Marion, for the appellant. *Braden C. Johnston,* of Marion, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought upon a note given by defendants in the purchase of a tractor in which the title thereto was reserved to the plaintiff as security for the payment of the purchase price. Plaintiff asked for a recovery upon the note and for a foreclosure of his security on the machine sold. The result of the trial before a jury was a verdict and judgment for the defendants. The plaintiff appeals.

The ground of error principally relied on is that the court in its instructions did not fairly submit the issues to the jury. The defendants were dealers in tractors and automobiles at Hillsboro, and had previously obtained a tractor from plaintiff 'for which payment had been made. Thinking they had a customer for another, they phoned the plaintiff at Abilene and asked him if he would sell them one. He replied that he had one near Salina that had been used in demonstrating to a proposed purchaser, and that he could furnish it. He was asked to drive it over to Hillsboro, a distance of about seventy miles, and he did so. When it was delivered it was covered with dust and there was some grease on the axles and bearings, which attracted the attention of the defendants, and plaintiff said that it was a new one, except that it had been used in demonstrating, and in driving from Salina to Hillsboro. The defendants accepted the tractor and settled with the plaintiff, after making certain discounts that had been agreed upon. They gave plaintiff a check for $100 and executed and delivered the title note on which the action is brought. They cleaned the tractor and offered it for sale to the prospect they had, but it is said that he declined to buy it for the reason that it was not a new tractor. After a number of months they placed the tractor in the garage of another and declined to make payment. The defendants admitted the execution of the note but claimed that the plaintiff had agreed to furnish a new tractor and that that furnished was a secondhand one. Further, they claimed that they were acting as subagents of plaintiff, and in taking the tractor they were acting for him and were to receive a commission of $300 in case a sale was made. They further alleged that the note was no more than a memorandum of the delivery of the tractor, and some evidence of that kind was permitted to be introduced. There was a further averment that plaintiff had agreed to take the tractor back and had

exercised acts of ownership over it. The instrument given to plaintiff was an ordinary chattel or title note which contained no stipulations as to agency or commissions, and the making of it was expressly admitted.

In submitting the case to the jury the court rightly instructed that defendants having admitted the execution of the note were not allowed to dispute its terms or claim that it was not given in consideration of the purchase of the tractor described in the note and therefore the burden of proof in the case was placed upon the defendants. The pertinent part of the challenged instruction is:

"You are instructed that if you find and believe from the evidence that the plaintiff in making sale of the tractor in question falsely represented that the tractor was a new tractor, and that the defendants at the time same was delivered and at the time of the giving of the note in question had not and were not able to inspect and examine said tractor to determine whether the same was a new tractor or not and further find and believe from the evidence that said tractor was not a new tractor but that the same was a secondhand or used tractor, and further find and believe from the evidence that when defendants discovered the fact that said tractor was not a new tractor that defendants gave plaintiff prompt notice to take said tractor back, and that plaintiff after such notice accepted said tractor or exercised acts of ownership over the same, that then and in such case you are instructed that the contract itself so far as said tractor is concerned would be rescinded, and defendants would in such case be relieved from the payment of the price that was agreed to be paid for said tractor. . . . On the other hand, if you find and believe from the evidence that said tractor was a new tractor and the kind that plaintiff agreed to sell and defendants agreed to purchase from plaintiff, or if you find and believe from the evidence that defendants before the execution of the note in question did have opportunity to examine said tractor and did in fact examine it and accept it before the execution of said note, relying upon their own judgment from such inspection and examination that then and in such case your verdict and finding should be for the plaintiff for whatever you find to be due upon the note in question with all the interest due thereon."

The issues in the case were not fairly or properly presented by the instructions. The jury were in effect advised that the rescission of the contract depended on whether the tractor was a new or a used one, although the defendants knew when they accepted it and gave their note for it that it had been used for a demonstration and in driving it about seventy miles for delivery. It necessarily became dirty and somewhat greasy on the trip, and this condition was not only evident but was a subject of comment by the defendants and others when it arrived and before settlement for it was made. They were then informed that it had not been used except

for a brief demonstration, in hauling two harvesters and in driving it to Hillsboro, and with this knowledge the tractor was accepted and the note given. The defendants say. that they bought a new tractor, and one of them said his idea of a new tractor is one "that has been sent out immediately from the factory and has never been used in any way." The court appears to have submitted the case upon that theory and not upon the one shown by the testimony and in fact conceded by the defendants, that they purchased the tractor and executed the note knowing it had been used at least to the extent stated. There was no substantial testimony that it had been otherwise used, and one of the defendants in his testimony stated that he did not know that it had been used more than plaintiff said it had. The plaintiff was entitled to instructions based on the evidence as to use about which the defendants had information before the transaction 'was closed, but the jury were in effect told that the contract was not binding unless the tractor was absolutely new and had never been used in any way, not even in demonstration or in driving it from depot to place of delivery. It was not a question whether the tractor was new or old, a used or an unused one, but whether the one delivered and conceded to have been used for two purposes had been accepted with knowledge of such uses or whether there had been any material misrepresentations as to the extent that it had been used.

There is some dispute as to whether defendants had an opportunity to inspect the tractor before the sale was consummated, but the evidence in the record leaves little ground for contention on that score.

It was also claimed that since the sale plaintiff had accepted a return of the tractor and had exercised acts of ownership over it. Upon that question the evidence is conflicting, and hence the request by plaintiff for judgment cannot be given. The plaintiff admits making efforts to help defendants find a purchaser, but he insists that he never accepted a return of the tractor. Under the terms of the note the plaintiff retained ownership and right of possession until the note was paid, and that in case of nonpayment, removal, sale or incumbrance of it without written consent, or if plaintiff deemed himself or the debt to be insecure, he might retake and sell the property and apply the proceeds beyond the expenses of sale to the payment of the note. The taking of possession under the terms of the note, if it had occurred, would not amount to a

waiver of the defendants' obligation to pay the note nor be regarded as a ground of rescission. (*Christie v. Scott*, 77 Kan. 257, 94 Pac. 214; *Threshing Machine Co. v. Nash*, 103 Kan. 871, 176 Pac. 628.) Whether or not there was an agreement to take back the tractor and cancel the debt or that after the sale the plaintiff exercised acts of ownership over it, cannot be determined upon the conflicting evidence. It may be said, however, that the taking of possession because of the violation of the terms of the security and the enforcement of defendants' obligation did not amount to a revocation of the sale or a bar to a recovery on the note. Upon this feature of the case no instruction was given.

For the error in the instructions the judgment is reversed and the cause remanded for a new trial.