Stephen J. Arnold vs. Chandler Motors of R. I., Inc.

JANUARY 2, 1924.

Present:   Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Conditional Sales.   Automobiles.*

An agreement by which X- "hired and received" an automobile from plaintiff and agreed to pay for its "use and rental" certain designated sums at stated periods, with authority in plaintiff under certain conditions to retake possession and sell the car and account to X. for the balance if any, over what would be due under the agreement;  title to remain in plaintiff until the full amount was paid, will be treated as a sale of the automobile either absolute or conditional, and not as a letting for hire.

*(2)   Conditional Sales.   Liens.*

The right of a conditional vendor to possession of a chattel where the conditional vendee has not performed the conditions of the conditional sale, is superior to the lien of a repair man for necessary repairs performed under orders of the conditional vendee, in the absence of the consent express or reasonably to be implied of the conditional vendor, and such implication of consent will not arise solely from the fact that the conditional vendee is permitted to retain possession and to use the chattel which in the course of its use will probably need repairs.

*(3)   Conditional Sales.   Liens.*

The fact that after conditional vendee had placed the chattel in the hands of a repair man, the conditional vendor became aware of such act, does not warrant the implication that vendee had been given authority to impose a lien upon the chattel which should affect vendor's property therein.

*(4)   Conditional Sales.   Liens.   Mortgages.*

In the absence of statute to the contrary, an agreement to sell upon condition, is not a mortgage and is not subject to the provisions regarding the registration of chattel mortgages.

*(5)   Conditional Sales.   Liens.   Mortgages.*

In this state contracts under which chattels are delivered to a person, under an agreement to pay designated sums at stated periods, with authority in seller under certain conditions to retake possession and sell the chattel and account to buyer for the balance if any over what would be due under the agreement;  title to remain in seller until the full amount due is paid, are considered as conditional sales and not as mortgages.

*(6)   Conditional Sales.   Liens.*

As it is permissible for a seller of a chattel to impose the condition that title shall remain in him until the price is paid;  in the absence of actual fraud such condition will be enforced, as to third parties as well as between the parties.  If however the other provisions of the contract are so incon-

sistent with the condition regarding title, as to have destroyed its effect, and it appears that there has been immediate transfer of title as well as of possession, then the sale is absolute and the so-called condition should be treated as a mortgage reserved to secure the purchase price, and as to third persons, the contract will be subject to the statutory provisions with reference to the registration of chattel mortgages.

REPLEVIN.  Heard on exceptions of plaintiff and sustained.

SWEETLAND, C. J.  This is an action of replevin for the possession of an automobile.

The case was tried before a justice of the Superior Court sitting with a jury.  At the conclusion of the evidence each party moved for the direction of a verdict.  The justice denied the plaintiff's motion and directed a verdict for the defendant for return and restoration.  To these rulings of the justice the plaintiff duly excepted and has brought his exceptions before us.

It appears from the evidence that the plaintiff is an automobile dealer, and on April 4, 1921 delivered the automobile in question to one Pasco Ruzzo upon an agreement in writing signed by said Ruzzo and witnessed by the plaintiff.  In substance the agreement may fairly be construed as follows: Ruzzo "hired and received" an automobile from the plaintiff under a so-called lease and agreed to pay for its "use and rental" two hundred dollars in cash on the execution of the lease, seventy-five dollars in the first month, and then twenty-five dollars weekly until two thousand dollars had been paid.  If the agreements on the part of the lessee should not be performed, or, if the lessor should consider his interest in the automobile to be endangered he might, retake the automobile with the proviso that if the lessor should retake the same on the ground that his interest was endangered he must sell the automobile at public auction, and account to the lessee for the balance, if any, of the amount received at such sale over what should be due under the lease and for the lessor's expenses. The agreement contained the further provisions, that title

to the automobile should remain in the lessor until the sum of two thousand dollars was paid, and that then a bill of sale should be given to the lessee.

(1) The agreement designates the transaction as a leasing of the automobile, but a consideration of the agreement as a whole, in the light of the circumstances, indicates that the delivery of possession to Ruzzo was not intended as a bailment for hire, but as a sale of the automobile, either absolute or conditional depending upon the legal effect which should be given to the transaction, and that the sums, which the instrument provides should be paid "for use and rental," were intended as payments on the amount of the purchase price of two thousand dollars. We shall treat the transaction as a sale of the automobile, either absolute or conditional, and not as a letting for hire. In *Goodell* v. *Fairbrother*, 12 R. I. 233, the court considered an agreement resembling the one now before us. Although the reporter in the syllabus of that case refers to the transaction as a lease, the court in its opinion treats it as an agreement for sale upon the performance of conditions. In *Carpenter* v. *Scott*, 13 R. I. 477, the court said of a similar agreement, that although it was in form a lease, it should be regarded in law as a conditional sale.

(2) The defendant carries on the business of an automobile repairer. While it was in the possession of Ruzzo the automobile was injured, and Ruzzo placed it in the hands of the defendant to make necessary repairs. This the defendant did, and its charges for repairs being unpaid it has refused to deliver the automobile to Ruzzo. The conditions and agreements of the sale have not been fulfilled and performed by Ruzzo, and the plaintiff has sought to retake the automobile under the terms of the contract. The defendant has refused to deliver it to him on the ground that the lien for repairs is superior to the interest of the plaintiff in the automobile. The plaintiff has brought this action of replevin to obtain possession.

The defendant contends that, because the plaintiff

knew that the automobile was to be used by Ruzzo and from time to time would require repairs, Ruzzo should be held to have implied authority from the plaintiff to have necessary repairs made, and to subject the automobile to a lien for such repairs, which should be superior to the property of the plaintiff as conditional vendor. This claim of the defendant is governed by the decision in *Providence Buick Co. v. Pitts*, 45 R. I. 145. That case dealt with the authority of a mortgagor in possession, but our determination applies as well to the authority of a conditional vendee in possession. In the absence of consent, either express or reasonably to be implied, such mortgagor or vendee can not subject the property to a lien for repairs which shall be superior to the rights of the mortgagee or vendor in the property. The implication of authority and consent will not arise solely from the fact that a mortgagor or vendee is permitted to retain possession and to use a chattel which in the course of its use will probably need repairs.

The defendant calls our attention to evidence that after Ruzzo had placed the automobile in the hands of the defendant for repairs the plaintiff became aware of that fact. This circumstance alone does not warrant the (3) implication that Ruzzo had been given authority to impose a lien upon the automobile which should affect the plaintiff's property therein. Such implication would be contrary to the intent of the parties evidenced by the written contract. Nor is the plaintiff precluded from asserting his superior title by any principle of estoppel arising from the fact shown in this evidence.

The defendant further contends that the instrument in question is in reality a chattel mortgage, subject to the provisions of the statute requiring the recording of mortgages on personal property, that the agreement has not been recorded, and hence is invalid as to the defendant. The defendant cites a number of cases from other jurisdictions as authorities in support of this contention.

In a large number of states it has been provided by statute that sales of personal property upon condition, by which possession has been transferred to the buyer but title to the property has been retained by the seller until full payment of the purchase price, are invalid as to third persons unless the contract or some memorandum thereof be in writing and duly recorded in the manner prescribed for the validity of chattel mortgages. In some of these jurisdictions the courts have placed conditional sales upon much the same footing as personal property mortgages. Most of the cases cited by the defendant are from such jurisdictions. *Christie* v. *Scott*, 77 Kan. 257; *Etchen* v. *Dennis*, 104 Kan. 241; *Herring* v. *Cannon*, 21 S. C. 212; *Singer* v. *Smith*, 40 S. C. 529; *Woodruff Manufacturing Co.* v. *Timms*, 93 S. C. 99; *Hackley Piano Co.* v. *Kennedy*, 152 N. C. 196. In some instances courts in states, in which we do not find statutory provision for registration, have by judicial determination held conditional sales to be essentially mortgages, and to be invalid as to third persons unless recorded in conformity with the provisions for recording personal property mortgages. *Broom* v. *Dale*, 109 Miss. 52. In Illinois the court has held that a delivery of personal property to a purchaser upon a contract of conditional sale, with a retention of title in the seller, amounts to constructive fraud, which postpones the rights of the real owner in favor of others who have dealt without notice with the conditional vendee who has been given the indicia of ownership. *Brundage* v. *Camp*, 21 Ill. 330; *Ketchum* v. *Watson*, 24 Ill. 591; *McCormick* v. *Hadden*, 37 Ill. 370; *Murch* v. *Wright*, 46 Ill. 487. The defendant here has cited as an authority *Hervey* v. *R. I. Locomotive Works*, 93 U. S. 664. That case was on error to the Circuit Court for the Southern District of Illinois. In conformity with the doctrine of *Green* v. *Van Buskirk*, 5 Wall. 307, that each state has the right to regulate the transfer of property within its limits, the United States Supreme Court was governed by the decisions of the Supreme Court of Illinois,

and held that "secret liens which treat the vendor of personal property, who has delivered possession of it to the purchaser, as the owner until the payment of the purchase-money cannot be maintained in Illinois," and that if such actual owner desires to preserve his lien he must comply with the chattel mortgage act of that state. *Hervey* v. *R. I. Locomotive Works* adds little to the authority of the Illinois cases.

(4) Upon this question the weight of authority is, that the common law doctrine prevails, *i. e.*, a contract for the sale of a chattel may be upon condition, and until the condition is fulfilled the chattel remains subject thereto in whosever hands it may come. In the absence of statute to the contrary such an agreement to sell upon condition is not a mortgage and is not subject to the provisions regarding the registration of personal property mortgages. If however, upon consideration of all its terms and the attendant circumstances, a contract of sale which is denominated by the parties as conditional should be construed as absolute, then the reservation of a lien to secure the purchase money should be treated as a mortgage back, invalid as to third persons unless duly recorded.

The defendant has called our attention to the provision in the agreement between the plaintiff and Ruzzo by which Ruzzo agreed absolutely to pay to the plaintiff the purchase price of the automobile, and to the further provision that in case the plaintiff retakes the automobile because his interest is endangered he shall after advertisement sell the same at public auction and account to Ruzzo for the balance over the amount due on the contract. The defendant claims that these provisions make the sale an absolute one with mortgage back and not one upon condition, and has cited cases in support of that contention.

The nature of the transaction depends upon the intention of the parties to be determined from the terms of the contract. Although this principle is generally recognized there appears in the cases some divergence of opinion as to

what other terms shall, in the construction of a contract, be taken to qualify and overbear the provision that title shall not pass upon the delivery of possession, but that the chattel shall remain the property of the seller until full payment of the purchase price.

It has been held in some cases that a provision making the payment of the purchase price by the buyer obligatory rather than optional, and also that the taking of promissory notes and the receiving of other security for the purchase price, renders the transaction an absolute and not a conditional sale. *Andrews* v. *Bank.* 20 Colo. 313. The weight of authority is contrary to that view. *Harkness* v. *Russell*, 118 U. S. 663; *Bierce* v. *Hutchins*, 205 U. S. 340; *Bailey* v. *Baker*, 239 U. S. 268; *Freed* v. *Sorensen*, 28 Utah 419.

Some courts have held a sale to be absolute, notwithstanding the explicit reservation of title in the seller, if the contract provides that, in case of default in payment, the seller may retake and sell the property, and that the buyer shall remain liable for the deficit, if the proceeds of such sale are less than the purchase price under the contract, and that the buyer shall be entitled to any surplus of the proceeds of such sale over the purchase price. *Palmer* v. *Howard*, 72 Cal. 293; *Heryford* v. *Davis*, 102 U. S. 235; *Tompkins* v. *Monticello*, 137 Fed. 625. Later California and federal cases, and cases in other jurisdictions, have not regarded such provisions as controlling. *Rodgers* v. *Bachman*, 109 Cal. 552; *Perkins* v. *Mettler*, 126 Cal. 100; *Harkness* v. *Russell*, 118 U. S. 663; *American Harrow Co.* v. *Deyo*, 134 Mich. 639; *Keystone Manufacturing Co.* v. *Cassellius*, 74 Minn. 115; *Freed* v. *Sorensen*, 28 Utah 419.

In Rhode Island contracts, similar in terms to the one under consideration here, have been employed to a very large extent in the sale of certain classes of merchandise. The claim that such a contract was essentially a mortgage has not been urged, previously, before this court. Although in the transaction the purchaser has obtained possess-

ion of the chattel, effect has been given to the dominant intention of the parties that the title should remain in the seller until payment of the purchase price in full, and the contract has been considered as one of conditional sale. *Goodell* v. *Fairbrother*, 12 R. I. 233; *Carpenter* v. *Scott*, 13 R. I. 477; *Mosby* v. *Goff*, 21 R. I. 494.

Under our law it is permissible for the seller of a chattel to impose the condition that title shall remain in him until the price is paid. In the absence of actual fraud, such (6) condition will be enforced, as to third persons as well as between the parties, and the transaction will be regarded as a sale upon condition. If, however, upon construction, it must be held that the other provisions of the contract are so inconsistent with the condition as to have destroyed its effect, and that there has been immediate transfer of title as well as of possession, then the sale is absolute, the so-called condition should be treated as a mortgage reserved to secure the purchase price, and as to third persons, the contract will be subject to the statutory provisions with reference to the registration of chattel mortgages. As to the contract before us there is no suggestion of fraud, and neither of the provisions pointed out by the defendant, nor any other contained in the contract, is inconsistent with the condition reserving title in the plaintiff.

In permitting the buyer to have apparent ownership while there exists a secret reservation of title in the seller, the court is not unmindful of the mischief which may result to innocent purchasers from the buyer, or to those who, upon the strength of his apparent ownership, have given credit to the buyer, or to those who have performed work, as has this defendant, upon the chattel which is the subject of the conditional sale. Consideration of the possible harm to third persons appears to have in some cases affected the construction which courts have given to the contract of sale. In the absence of fraud, the contract is a lawful one, and its public consequences have no proper bearing in determining the intention of the parties expressed in the

agreement, which must govern its construction. If, for the protection of the public, conditional sales require regulation, it must be by the enactments of the General Assembly as a matter of policy, and not by judicial decision.

The direction of a verdict in favor of the defendant was erroneous. There was no evidence presented at the trial which would impair the plaintiff's right to possession of the automobile, and a verdict should have been directed in his favor. The plaintiff's exceptions are sustained.

The defendant may appear on January 7, 1924, at 10 o'clock a. m., to show cause, if any it has, why the case should not be remitted to the Superior Court with direction to enter judgment for the plaintiff for possession and nominal damages.

*Maurice Robinson, Charles M. Robinson,* for plaintiff.
*Ernest P. B. Atwood,* for defendant.