Argued February 28, decided March 19, rehearing denied April 16, 1912.

# McDANIEL v. CHIARAMONTE.

[122 Pac. 33.]

CHATTEL MORTGAGES—"CONDITIONAL SALE" OR MORTGAGE.

1. A contract, binding a buyer to buy and unconditionally pay the price of a chattel, and providing that the seller shall retain title as security for the price, and on default he may take possession, is a conditional sale, and not a chattel mortgage; the term "conditional sale" applying to transactions where, by the terms of the contract, the possession of the goods is delivered to the buyer, but the property is to remain in the seller until payment of the price, though the buyer is obligated absolutely to pay the price.

SALES—CONTRACTS—INTENTION OF PARTIES.

2. Whether a transaction is a conditional sale depends on the intention of the parties, gathered from the language of the contract.

CHATTEL MORTGAGES—INSTRUMENTS CREATING.

3. Where title, pursuant to a contract of sale, passes to the buyer, and a lien on the chattels is created in favor of the seller for the price, a chattel mortgage is created.

SALES—CONTRACTS—BREACH—REMEDY OF SELLER.

4. A contract of sale, providing that the seller shall retain title as security for deferred payments of the price, and that on default of payment he may take possession and at his election declare all deferred payments due, gives to the seller, on the buyer's default, the right to retake the chattels and hold them subject to the contract, and subject to the obligation of the buyer to pay the price; and he may sue in equity to enforce his rights against the buyer.

PLEADING—COMPLAINT—CONCLUSIONS.

5. An allegation in a complaint that the contract relied on was intended to be and is a chattel mortgage is but an allegation of a legal conclusion, and is not admitted by demurrer.

PLEADING—DEMURRER—ADMISSIONS.

6. A demurrer admits the facts pleaded.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a suit by N. M. McDaniel against Rosi Chiaramonte. The facts are as follows:

On October 8, 1910, plaintiff entered into an agreement with defendant to sell her a certain automobile for the price of $3,005.20, of which defendant paid $700 in cash, $100 in ten days, and gave three promissory

notes of that date for the balance of the price, namely, one for $300, payable in monthly installments of $100 each, beginning November 8, 1910; one for $300, payable in two installments, namely, $150 on February 8, 1911, and $150 on March 8, 1911; and one for $1,605.20, payable in eight monthly installments of $200.65 each, beginning April 8, 1911; each note providing for attorney's fees in case of suit or action thereon. At the time the agreement was made, and as a part of that transaction, plaintiff and defendant executed an agreement as follows:

"Memorandum of Agreement, made this 8th day of October, 1910, between N. M. McDaniel, party of the first part, and Giuseppe Chiaramonte and Rosi Chiaramonte, his wife, parties of the second part, witnesseth: That the said party of the first part has agreed to sell and deliver to the parties of the second part one seven-passenger Rambler 1910 automobile, model 55, complete, with one extra wheel, tube and tire, equipped with top, glass wind shield and speedometer, at the price of three thousand five and 20|100 ($3,005.20) dollars, which said price the parties of the second part promise and agree to pay as follows: Seven hundred ($700.00) dollars cash down, receipt whereof is hereby acknowledged; and the balance in installments in accordance with the terms of promissory notes of even date herewith, as follows: One hundred ($100) dollars within ten days, one hundred ($100) dollars on the 8th day of November, 1910, and a like payment on the 8th day of December, 1910; and on the 8th day of January, 1911; and one hundred and fifty ($150) dollars on the 8th day of February, and on the 8th day of March, 1911, and two hundred ($200.00) dollars on the 8th day of each month thereafter until the whole amount is paid; deferred payments to bear interest at the rate of eight per cent per annum to be paid monthly at the time of payment of each installment. And the second parties further agree to pay for and carry insurance on said automobile in the amount of twenty-five hundred ($2,500) dollars for the benefit of the first party as his interest may appear until the said auto-

mobile is fully paid for. And it is understood and agreed that the party of the first part shall retain the title to said automobile as security for the amount due him on said purchase price until the same shall be paid in full; and that failure of the second parties to pay any of said installments of principal or interest when the same shall fall due shall entitle the party of the first part, at his election, to declare the whole of said purchase price and all said promissory notes given therefor due and payable and proceed immediately for the collection thereof.

Witness our hands the day and year first above written.

[Signed] N. M. McDaniel.

Rosi Chiaramonte.

"Whereas the automobile mentioned in the attached contract is being purchased by the parties of the second part for the benefit of their son, Peter Chiaramonte, who is not yet of the age of majority; and whereas, Giuseppe Chiaramonte is at this time absent from the city of Portland and cannot sign said contract until his return; It is understood and agreed that the said automobile shall immediately be delivered into the possession of said Peter Chiaramonte, and that said Giuseppe Chiaramonte shall sign said contract and the promissory notes therein referred to immediately upon his return to the city of Portland. Otherwise the party of the first part shall be entitled to declare the whole of said purchase price immediately due and reclaim the possession of said machine; but, if the said notes and contract are joined in by said Giuseppe Chiaramonte immediately upon his return to the city of Portland, then the said Peter Chiaramonte shall be entitled to the possession and use of said automobile until there shall be a default in the payments therefor; that upon such default the party of the first part shall be entitled to the immediate repossession thereof.

Witness our hands the day and year first above written.

[Signed] N. M. McDaniel,

Rosi Chiaramonte."

Upon default in payment of a part of the first promissory note, plaintiff took possession of the auto. Thereupon defendant brought an action against plaintiff to

recover the sum of $950, the amount paid on the purchase price, and thereafter plaintiff brought this suit as a cross-bill to enjoin the law action and foreclose defendant's equity in the automobile. To the cross-bill, defendant filed a demurrer, which was overruled by the court, and a decree was rendered in plaintiff's favor, as prayed. Defendant appeals.

Affirmed: Rehearing Denied.

For appellant there was a brief over the names of *Mr. Albert B. Ferrera* and *Mr. Marion B. Meacham,* with an oral argument by *Mr. Meacham.*

For respondent there was a brief over the names of *Messrs. Johnson & Van Zante* and *Mr. Albert H. Tanner,* with oral arguments by *Mr. Tanner* and *Mr. John Van Zante.*

Opinion by Mr. Chief Justice Eakin.

1. The first question relates to the character of the transaction as disclosed by the complaint, whether it is a conditional sale or a chattel mortgage.

"The term 'conditional sale' is, however, commonly applied to a class of transactions where, by the terms of the contract, the possession of the goods is delivered to the buyer; but the property in them is to remain in the seller until the payment of the price." 35 Cyc. 652.

The transaction is none the less a conditional sale, because the defendant is obligated absolutely to pay the price, as that is a condition alike of absolute and conditional sales. *Freed Furniture, etc., Co.* v. *Sorrensen,* 28 Utah, 419 (79 Pac. 564: 107 Am. St. Rep. 731: 3 Ann. Cas. 637, and note) ; 35 Cyc. 654.

2. Here defendant agreed to buy and unconditionally to pay the purchase price of the machine. Plaintiff retained title to the machine as security for the payment of the purchase price, and on default of payment he was authorized to take possession, and at his election

declared all notes due and proceeded immediately for the collection thereof. This is, without doubt, a conditional sale. The apparent diversity of utterance by the courts as to the effect of the reservation of title by the seller is largely due to the diversity in the form or terms of the sale. Whether the transaction is a conditional sale depends, not upon the name given to it by the parties, or the form of the instrument evidencing it, but upon the ruling intention of the parties, gathered from all language of the contract. 35 Cyc. 654; *Henryford* v. *Davis,* 102 U. S. 235, 244 (26 L. Ed. 160); *Parke, etc., Co.* v. *White River L. Co.,* 101 Cal. 37, 39 (35 Pac. 442); *Hamilton* v. *Highlands,* 144 N. C. 279 (56 S. E. 929: 12 Ann. Cas. 876).

3. If the title to the property remains in the seller, then the transaction is not a mortgage. In case of mortgage, the title passes to the buyer, and a lien on the property is created in favor of the seller. 25 Cyc. 652-654, 658, 659; 6 Am. & Eng. Ency. Law (2 ed.) 446.

In the case of *Harkness* v. *Russell,* 118 U. S. 663 (7 Sup. Ct. 51: 30 L. Ed. 285), an appeal from Utah, there was an agreement to sell certain goods; the buyer undertaking absolutely to pay the price. It was specified in the notes that the title was to remain in the seller until the price was fully paid, reserving the power to declare all notes due upon default as to one; and that the seller might repossess himself of the property, sell it, and apply the proceeds upon the notes and recover any balance due. It was held that the transaction was not a mortgage, but a conditional sale, and valid. See, also, *Freed Furniture, etc., Co.* v. *Sorensen,* 28 Utah 419 (79 Pac. 564: 107 Am. St. Rep. 731: 3 Ann. Cas. 634); *Frick* v. *Hilliard,* 95 N. C. 117.

4. The difficulty in this case is not so much in ascertaining the character of the transaction as in determin-

ing what is the seller's remedy. It has been held in some cases that of the sale is on credit and the title to the property remains in the seller, upon breach of the conditions, he may have an election of two remedies: (1) He may treat it as an absolute sale and sue for the price, or (2) he may treat the sale as a nullity and retake the property; but that he cannot do both. See *Sanders* v. *Newton,* 140 Ala. 335 (37 South 340: I Ann. Cas. 267, and note).

In some forms of the conditional sale, this statement is quite applicable; but in 1 Mechem, Sales, § 615, it is said that the seller has four remedies, namely:

"(1) He may treat the contract as rescinded, upon default of the buyer, and recover the goods. In that event, that is his only remedy. (2) He may treat the contract as in force, but broken ·by the buyer, and, if by the transaction the buyer contracts to pay, the seller may retake the goods and recover damages for the breach. (3) He may, if the buyer agreed to pay the price, waive the return of the goods and sue for the price. (4) He may, if the contract permits it, without rescinding, take possession of the goods and hold them as security for the fulfillment of the contract.

This classification is cited with approval in *Herring-Marvin Co.* v. *Smith,* 43 Or. 321 (72 Pac. 704: 73 Pac. 340).

The case before us comes clearly within the fourth remedy, as the contract provides that the seller shall retain the title as security for the payment of the' price. In discussing the remedies in such a case, it is stated in 1 Mechem, Sales, §§ 621-623, that by retaking the goods the seller does not in effect rescind the contract; but holds the property still subject to the contract; and the buyer is not thereby excused from performance. See, also *Tufts* v. *D'Arcambal,* 85 Mich. 185 (48 N. W. 497: 12 L. R. A. 446: 24 Am St. Rep. 79); *Latham* v. *Sumner,* 89 Ill. 233 (31 Am. Rep. 79); *Dederick* v.

*Wolfe,* 68 Miss. 500 (9 South. 350: 24 Am. St. Rep. 283).

The only contention of defendant is that plaintiff has a complete remedy at law; and therefore there is no jurisdiction in equity. But, as we have seen, plaintiff retained the title to the automobile as security for the price. When he repossessed himself of the goods, he did not thereby make the property his own. Defendant still had an equitable interest therein, to the extent of the purchase price paid, namely, $951.25, and that interest cannot be cut off by the act of the seller retaking possession; but the buyer can be protected best in equity.

It is not necessary here to determine whether or not plaintiff can sell the property at public or private sale, as he may see fit, as there is no provision made in the instrument for the manner of terminating defendant's equity. In *Foundry Co.* v. *Pascagoula, Ice Co.,* 72 Miss. 608, 615 (18 South. 304), it is said that the reservation of the title is but as security for the purchase price, and if the property is recovered by the seller he must deal with it as security and with reference to the equitable right of the purchaser; and that the jurisdiction of chancery to enforce conventional liens is too well recognized to require argument or the citation of authorities. In *Campbell Print. Press Co.* v. *Powell,* 78 Tex. 53, 63 (14 S. W. 245), where the title to goods was retained by the seller, it was held that the seller was entitled to a decree for the sale of the property; and in *Re National Cash Register Co.,* 174 Fed. 579, 582 (98 C. C. A. 425), it is said that, if the seller treats the title to the property, reserved by the contract, as security for the payment of the price, he may file his bill in equity to obtain a judicial sale. By that course, the equity of the buyer was protected by the conscience of the court and its power of control over the sale. That the seller had the right to proceed in that manner the court thinks cannot be doubted, and we think that

the plaintiff was properly in the equity court.

5, 6. By the complaint in this case, plaintiff alleged that the agreement was intended to be and is a chattel mortgage. As is well said in defendant's brief, this is but an allegation of a conclusion of law. The facts are fully set forth which, for the purpose of this demurrer, are admitted and disclose the transaction to be a conditional sale, the title being retained by plaintiff as security until the purchase price is paid; and the relief prayed for can well be granted upon those facts.

The decree is affirmed.

AFFIRMED: REHEARING DENIED.