Argued March 31, affirmed April 20, rehearing denied June 8, 1920.

# FIRST NAT. BANK OF SHERIDAN *v.* YOCOM.

### (189 Pac. 220.)

**Chattel Mortgages—Allegation Defendant Mortgagor "Retains" Possession Means He "Detains."**

1. In action by chattel mortgagee for possession, allegation of complaint that defendant "retains" possession of personalty means same thing as allegation he "detains" it.

**Chattel Mortgages—Judgment in Action for Possession Sufficiently Describing Property.**

2. In action for possession by chattel mortgagee, mortgage and complaint definitely describing property, judgment for plaintiff, which, after reciting a list of the chattels, refers to the complaint, the description of the personalty being sufficiently definite to enable the sheriff to execute the writ, is sufficient in its description of the property.

**Sales—Conditional Seller Entitled to Resell for Buyer's Account and Take Possession of Mortgaged Chattels.**

3. Conditional seller of tractor by taking possession, selling for buyer, and crediting proceeds on conditional sales note, under the contract did not evidence intention to rescind, but treated contract as in force, though broken by buyer, and is entitled to take possession of chattels mortgaged to it by buyer as additional security, and to hold as compensation for breach of contract.

**Sales—Conditional Seller Entitled to Recover Balance After Crediting Proceeds of Resale.**

4. One remedy in a contract for sale with reservation of title until payment is right on buyer's default to seize and sell property and apply proceeds on price; and, where seller exercises right, he is entitled to recover from buyer any balance remaining after crediting proceeds of sale.

[As to election of remedies on breach of conditional sale, see notes in 1 Ann. Cas. 268; 16 Ann. Cas. 1057; Ann. Cas. 1917D, 464.]

5.  Conditional sale contract, giving possession and use of goods to buyer while title remains in seller until full payment, affords sufficient consideration for buyer's absolute promise to pay price.

From Yamhill: Harry H. Belt, Judge.

Department 1.

Plaintiff brings this action for the possession of certain personal property described in a chattel mortgage. The cause was tried by the court without the intervention of a jury. Findings of fact and conclusions of law were made, and a judgment was rendered thereon in favor of plaintiff for the possession of the property or the value, $1,000. Defendants appeal.

Plaintiff alleges special ownership in the personal property in question by virtue of a chattel mortgage executed by defendant H. A. Yocom in favor of plaintiff on February 4, 1918, to secure the payment of two certain promissory notes executed by defendant Yocom, one for $600 and another for $2,300, and sets forth the conditions of the chattel mortgage which was duly recorded; that the conditions of the mortgage have been broken and plaintiff has demanded of defendants the possession of the personal property; and that the said defendants now unlawfully retain possession of the personal property in Polk County, Oregon, to plaintiff's damage in the sum of $755, the reasonable value of chattels.

On the same date the plaintiff delivered to the defendant one Nelson tractor described in one of the notes, which reads as follows:

"$2300.00.      Sheridan, Oregon, Feb. 4, 1918.

"On or before demand, I promise to pay to the order of First National Bank of Sheridan, Oregon,

at their office in Sheridan, Ore., twenty-three hundred dollars, with interest from date at the rate of 10 per cent per annum, payable annually, and if not so paid when due to become as principal and both principal and interest to bear —— per cent interest.

"The express conditions of the contract for the sale and purchase of the one Nelson Tractor, being the tractor shipped from Eastern Oregon to Portland by C. H. Brooks, for which this note is given, is such that the title and ownership is expressly retained in the said First National Bank of Sheridan, Oregon, until this note is paid in full; That the First National Bank, Sheridan, Oregon, has full power to declare this note due and take possession of said property above described at any time they may deem themselves insecure, even before the maturity of the note and sell the same at private sale and endorse the proceeds less the amount of all expenses on this note, appraisement and stay of execution waived. The makers and endorsers of this note expressly waive demand, notice of non-payment and protest.

"H. A. Yocom."

In June, 1918, the defendant Yocom becoming involved and unable to carry on his farm, plaintiff recovered possession of the tractor and sold the same pursuant to the conditions of the contract for the sum of $1,250 which was indorsed on the conditional sales note.

Defendant Yocom also paid the bank $440.68, the proceeds of certain hogs described in the chattel mortgage which was credited upon other notes held by plaintiff against Yocom. Defendant Yocom also made other payments to plaintiff amounting to $190. On September 11, 1918, Yocom being indebted to defendant Broadmead Farm Company, executed to it a bill of sale of the personal property in question.

The defendants by their answer and upon the trial claimed that the $600 note had been satisfied in

full by the proceeds of the sale of. the hogs and the payment of ·$190; and that plaintiff by taking possession of and selling the tractor elected to treat the conditional sales note for $2,300 as rescinded, and is not entitled to recover the balance after crediting the proceeds of the sale of the tractor.

AFFIRMED.   REHEARING DENIED.

For appellants there was a brief over the names of *Mr. Frank Holmes* and *Mr. Roy Sparks,* with an oral argument by *Mr. Holmes.*

For respondent there was a brief and an oral argument by *Mr. W. O. Sims.*

BEAN, J.—1, 2. It is assigned that the court erred in entering judgment for plaintiff, in that the complaint is insufficient and does not allege that the defendant "detains" the personal property described in the complaint. The language of the pleading is that the defendant "retains" possession of the personal property, which means the same thing. Error is also predicated upon the insufficiency of the description of the property in the judgment. The chattel mortgage and complaint definitely describe the property. The judgment, after reciting a list of the chattels, refers to the complaint. The description of the personalty is sufficiently definite to enable the sheriff to execute the writ. The point is not well taken.

The main question in the case is in regard to the conditional sales contract. The contention of defendants is that the retaking of the tractor constituted, an election of remedies by it, and precludes plaintiff from further remedy under the terms of the note. Defendants cite *McDaniel* v. *Chiarmonte,*

61 Or. 407, 408 (122 Pac. 33). The opinion in the latter case, at page 408, simply refers to the rule contended for by defendants as applicable to some forms of conditional sales, and then states the four remedies of a seller which he has under varying circumstances by virtue of a conditional sales contract, mentioned in 1 Mechem on Sales, Section 615, the second of which is as follows:

"He may treat the contract as in force, but broken by the buyer, and, if by the transaction the buyer contracts to pay, the seller may retake the goods and recover damages for the breach."

In such case the measure of damages will ordinarily be the difference between the contract price and the market value of the goods at the time and place of default: 1 Mechem on Sales, § 615.

3. In the instant case the facts come clearly within the second remedy mentioned. The plaintiff by taking possession of the tractor and selling the same for the buyer and crediting the proceeds on the conditional sales note, under the terms of the contract, did not evidence an intention to rescind the contract but treated it as in force, although broken by the buyer. The defendant Yocom having absolutely agreed to pay the price $2,300 and given additional security therefor, that of the chattel mortgage, the seller is entitled to take possession of the chattels so mortgaged and hold the same as compensation for the breach of the contract: *McDaniel* v. *Chiarmonte,* 61 Or. 407, 408 (122 Pac. 33); *Herring-Marvin Co.* v. *Smith,* 43 Or. 315, 321 (72 Pac. 704, 73 Pac. 340); *Francis* v. *Bohart,* 76 Or. 1, 5 (143 Pac. 920, 147 Pac. 755, L. R. A. 1916A, 922); *Pelton Water Wheel Co.* v. *Oregon Iron Co.,* 87 Or. 248 (170 Pac. 317); *Miles* v. *Sabin,* 90 Or. 129, 136 (175

Pac. 863); *International Harvester Co.* v. *Bauer,* 82
Or. 686 (162 Pac. 856). In the latter case there was
a conditional sales contract similar to the one in
question. The seller seized the personal property
for sale in accordance with the terms of the contract
and a chattel mortgage upon the same property ex-
ecuted at the same time, and proceeded to foreclose
a real estate mortgage contemporaneously executed
to secure payment of the threshing-machine and en-
gine which were the subject of the conditional sale.
The foreclosure was upheld in an exhaustive opinion
by Mr. Justice Benson.

4. The rule followed in this state is in effect that:
where one of the remedies provided in a contract
for the sale of property containing a reservation of
the title in the seller until payment of the purchase
price, is the right on default of the buyer to seize
and sell the property at public or private sale and
apply the proceeds toward the payment of the pur-
chase price, and the seller exercises this right, he is
entitled to recover from the buyer any balance re-
maining after so crediting the proceeds of the resale:
See, also, *Christie* v. *Scott,* 77 Kan. 257 (94 Pac.
214); *Van Den Bosch* v. *Bouwman,* 138 Mich. 624
(101 N. W. 832, 110 Am. St. Rep. 336); *Warner* v.
*Zuechel,* 19 App. Div. 494 (46 N. Y. Supp. 569);
*Ascue* v. *C. Aultman & Co.,* 2 Tex. App. (Civ. Cas.) 441;
*McPherson* v. *Acme Lbr. Co.,* 70 Miss. 649 (12 South.
857); *Dederick* v. *Wolfe,* 68 Miss. 500 (9 South.
350, 24 Am. St. Rep. 283); and note, L. R. A. 1916A,
919.

The rule adopted in this state upholds the contract
of conditional sale as made by the parties them-
selves. While in some instances the rule may work

a hardship upon the buyer, on the other hand where personal property is sold under such a contract, and on account of the leniency of the seller in enforcing payments the property has deteriorated, where the same is machinery, as in the case at bar it might be worn out and practically worthless, the seller would receive practically no compensation therefor if the rule contended for should be applied. This would tend to render it difficult for people to obtain credit and purchase property under such conditional contracts.

There are numerous forms of conditional sale contracts which have apparently caused many divergent opinions relating to questions arising thereunder. Many such contracts of sale provide that on default of the buyer the seller may take possession and sell the property on account of the buyer, crediting him with the proceeds of the resale, and hold him liable for any deficiency in the price. As a general rule, the validity of such a stipulation is given full effect by the courts, and the seller is held entitled, after a resale in accordance with the provisions of the contract, to sue and recover any balance remaining after crediting on the purchase price the proceeds of such sale. This effect has been given to a stipulation authorizing the seller to retake possession and resell, as this necessarily implies that the resale shall be on account of the buyer and that any deficiency towards the satisfaction of the price shall be paid by the buyer: 24 R. C. L., p. 493, § 786; *Madison River Livestock Co.* v. *Osler,* 39 Mont. 244 (102 Pac. 325, 133 Am. St. Rep. 558).

5. A contract of conditional sale, giving possession and use of the goods to the buyer while title remains in the seller until full payment, affords a sufficient

consideration for the buyer's absolute promise to pay the agreed price: *Kilmer* v. *Moneyweight Scale Co.*, 36 Ind. App. 568 (76 N. E. 271); 35 Cyc., p. 654, note. The construction to be placed upon a conditional sales note and contract depends upon the terms thereof, and no fast rules can be laid down to affect such instruments.

Objection is made to the application by plaintiff of the proceeds of the sale of other personal property, and it is claimed that it should have been applied upon the $600 note. We do not deem this material in the present case, as in any event the balance remaining due on the conditional sales note would exceed the value of the property in question. Defendant Yocom acquiesced in the application made of the proceeds and under the circumstances it could not affect the defendant Broadmead Farm Company.

The question considered was raised by defendants' counsel by a motion for a nonsuit interposed at the appropriate time, and in other ways upon the trial of the cause. There was no error in overruling the motion for a nonsuit and finding in favor of plaintiff. The judgment of the lower court is therefore affirmed. Affirmed. Rehearing Denied.

McBride, C. J., and Benson and Harris, JJ., concur.