Argued July 1, affirmed July 28, 1925.

# MANLEY AUTO COMPANY v. A. O. JACKSON.

### (237 Pac. 982.)

**Sales—Chief Criterion of Conditional Sale Contract is Intention of Parties as Disclosed by Entire Contract.**

1. Chief criterion of conditional sale contract is intention of parties as disclosed by entire contract.

**Sales—Parties to Conditional Sale Contract may Stipulate What Shall be Effect of Default by Buyer and What Shall be Rights and Duties of Parties Thereafter.**

2. Parties to conditional sale contract may stipulate with particularity effect of default by buyer and what shall be their respective rights and duties thereafter.

**Sales—If Buyer Under Conditional Sale Contract Absolutely Agrees to Buy and Pay for Property, Seller may have Personal Remedies, in Lieu of, and in Addition to, Remedies Against Chattel.**

3. Where buyer, under conditionl sale contract, absolutely agrees to buy and pay for property, seller may have personal remedies, in lieu of, and in addition to, remedies against chattel.

---

1. What constitutes conditional sale, see notes in 46 Am. St. Rep. 295; 94 Am. St. Rep. 234.

Effect of retaining title until payment to characterize sale as executory, see note in 5 L. R. A. (N. S.) 475. See, also, 24 R. C. L. 442.

3. Rights and remedies of seller on default in payment of conditional sale price, see note in 133 Am. St. Rep. 563.

Election of remedies on breach of conditional sale contract, see notes in 1 Ann. Cas. 268; 16 Ann. Cas. 1057; Ann. Cas. 1917D, 464. See, also, 24 R. C. L. 484.

Sales—Seller Under Conditional Sale Contract may File Bill in Equity to Obtain Judicial Sale of Property to Pay Purchase Price.

4.  If seller under conditional sale contract treats title to property as reserved as security to payment of price, he may file bill in equity to obtain judicial sale.

Sales — Foreclosure of Conditional Sale Contract, and Sale of Automobile Sold Thereunder, and Allowing Seller to Obtain Deficiency Judgment Against Buyer, Held Proper.

5.  Where buyer of automobile by note, part of conditional sale contract, absolutely promised to pay certain sum with interest, in view of stipulation that upon default seller could take and retain car, and retain all sums paid in part performance of contract, and elect any legal or equitable remedy for recovering balance of purchase price, in suit to foreclose such contract, permitting sale of car and crediting proceeds thereof on note, and allowing seller to obtain judgment for balance due thereon, was proper.

Damages—Fact That Amount is Denominated Liquidated Damages or Penalty is not Conclusive.

6.  Fact that conditional sale contract stipulated that seller, on retaking goods sold, could retain money paid as liquidated damages, was not conclusive, in view of general rule that denomination of amount stated as liquidated damages or penalty is not conclusive.

Sales—Buyer may Contract to be Liable for Whole Value of Chattel Before Obtaining Title Thereto.

7.  Buyer under conditional sale contract may agree to be liable for whole value of chattel before he obtains title thereto.

Trial—Attorney's Fees, Fixed by Court According to Stipulation, Held Based on Sufficient Evidence.

8.  In suit to foreclose conditional sale contract, in which note, part of contract, provided for reasonable attorney's fees, in case of suit thereon, where parties stipulated that court should fix amount of attorney's fees, finding as to such fees, based on record and proceedings before court, was not improper, as not being based on evidence.

Sales—Failure of Seller Under Conditional Sale Contract to Repair It and Sell It on Retaking It and Credit Net Amount on Contract Held no Defense to Buyer.

9.  In suit to foreclose conditional sale contract of automobile, failure of seller, who retook it, to keep alleged agreement of its officer to repair car, sell it, and credit amount on contract, in absence of showing that buyer accepted such proposal, and that by expenditure for repairs any greater net sum would have been realized than in sale on foreclosure, did not give buyer cause for complaint.

---

See (1) 35 **Cyc.** 654.   (2) 35 **Cyc.** 665 (Anno.).   (3) 35 **Cyc.** 696 (Anno.).   (4) 35 **Cyc.** 704 (Anno.).   (5) 35 **Cyc.** 704, 705.   (6) 17 **C. J.** 938.   (7) 35 **Cyc.** 664.   (8) 15 **C. J.** 117.   (9) 35 **Cyc.** 708.

6.  See 24 **R. C. L.** 491.

From Multnomah: Walter H. Evans, Judge.

Department 2.

This is a suit to foreclose a conditional sales contract for the sum of $1,350, executed for a certain Hupmobile automobile. A decree was rendered in favor of plaintiff for the amount of the note with interest and $125 attorney's fees. Defendant appeals.

Affirmed.

For appellant there was a brief over the names of *Messrs. Botts & Winslow,* with an oral argument by *Mr. George P. Winslow.*

For respondent there was a brief and oral argument by *Mr. Will H. Masters.*

BEAN, J.—The contract was executed May 11, 1921, due in one year from date in favor of E. L. Glaisyer, or his assigns, and was assigned to plaintiff. No payment having been made on the contract, the plaintiff soon after it became due took possession of the automobile under and by virtue of the conditional sales contract, for the purpose of foreclosing the same. The contract provided that in case of default by defendant in the payment of the contract or note, the holder thereof would have the right—

"In case of default in the payment of any amount due as above provided * * the second party is authorized to enter any place where said property may be found, and take or remove the same, or any property found in or attached to said property, and retain all of the same, and likewise retain all sums paid in part performance of this contract, as compensation for any depreciation or other expense arising on account of the use of the property by the undersigned, and as payment for the use of said property, and as liquidated damages for the breach of this agreement, and elect any legal or equitable remedy for recovering the balance of the purchase price."

Defendant pleads and contends that the plaintiff "took possession of said automobile as full payment upon said instrument * * and as full liquidated damages for the breach of said agreement"; and that such taking exhausted plaintiff's remedy and that plaintiff cannot recover any balance that may remain due on the note after applying the value of the automobile.

Defendant, who resides in Tillamook County, Oregon, by his son delivered the automobile to plaintiff at Portland, Oregon, when plaintiff executed a receipt to defendant acknowledging receipt of the automobile under the conditional sales note,

"for the purpose of foreclosing said conditional sales notes and selling said automobile and applying the proceeds from said sale towards the payment of said note, it being understood that the Manley Auto Co. in accordance with the terms of said note will look to said A. O. Jackson for the payment of any balance remaining unpaid."

When the car was purchased by defendant another car was taken by the seller in part payment. The defendant executed a promissory note unconditionally promising to pay the sum of $1,350, with interest at 6 per cent per annum, payment to be made on May 11, 1922. The note provided for a reasonable attorney's fee in case of suit on the note. Then attached to the note is the conditional sales contract containing the usual stipulations as to care of the car, insurance, taxes, etc., and the clause quoted above in regard to default.

1. The chief criterion as to the character of such a contract is the intention of the parties, as disclosed by the entire contract: 24 R. C. L. 446.

2. It is competent for the parties to stipulate with particularity what shall be the effect of a default by the vendee, and what shall be the respective rights and duties of the parties thereafter: Mechem on Sales, § 606. Under a conditional sales contract, recovery of possession is not necessarily the only remedy of such a seller.

3. Where the buyer absolutely agrees to buy and pay for the property the seller may have personal remedies, in lieu of, or in addition to, his remedy against the chattel: Mechem on Sales, § 614.

4. If the seller treats the title to the property reserved by the conditional sales contract as security for the payment of the price, he may file his bill in equity to obtain a judicial sale: *In re National Cash Reg. Co.*, 174 Fed. 579, 582 (98 C. C. A. 425). This case was cited and the rule approved and followed in the case of *McDaniel* v. *Chiaramonte*, 61 Or. 403, 409 (122 Pac. 33). In the opinion in the latter case, Mr. Justice Eakin mentions the four remedies named in Mechem on Sales, Section 615, which, under varying circumstances, the vendor would be entitled to pursue in case of default of the vendee. The fourth remedy mentioned is as follows:

"He may, if the contract permits it, without rescinding, take possession of the goods and hold them as security for the fulfillment of the contract."

The McDaniel-Chiarmonte case, which applied the fourth remedy named, was a suit to foreclose a conditional sales contract similar to the one at bar. The essential features of the conditional sales contract involved were similar to those in the case in hand.

5. In the present case, the defendant, by his promissory note, which is a part of the conditional sales contract, absolutely promised to pay the $1,350 with

interest. It is stipulated that upon default of the vendee, the vendor could take and retain the car and likewise retain all sums paid in part performance of the contract "and elect any legal or equitable remedy for recovering the balance of the purchase price." The latter clause can have no meaning unless the buyer is thereby obligated to pay such balance of the purchase price. The terms of the contract in the event of default are somewhat obscure.

6. The fact that the conditional sales contract, among the several provisions made in case of default, mentions that the payments made by the vendee might be retained by the vendor "as liquidated damages for a breach of this agreement" would not necessarily change the situation of the parties. The general rule is that if the amount stated is denominated as liquidated damages or as a penalty, it is not conclusive: 17 C. J. 944, note 95, citing *Chicago etc. R. Co.* v. *Dockery,* 195 Fed. 221, 224 (115 C. C. A. 173). On page 945 of 17 C. J., it is stated:

"Where it appears that the amount fixed was evidently not intended to be a full compensation for a breach of contract, or would be grossly inadequate as such, it will, as a rule, be considered as a penalty."

In the case of *International Harvester Co.* v. *Bauer,* 82 Or. 686 (162 Pac. 856), the syllabus, which shows the ruling in the case, reads thus:

"Where a conditional sales contract reserves title in the vendor with a right in case of default to retake the chattel, sell it at public or private sale, and apply the proceeds in payment of the debt, with an express agreement by the vendee to pay the balance of the purchase price then remaining, retaking the property by the vendor does not relieve the vendee from further obligation."

In the latter case Mr. Justice BENSON refers to the variety in the form and character of conditional sales contracts, and the rulings thereon, and at page 691 of the report says:

"We think the great weight of authority and the better reasoning support the contrary doctrine that, if the vendee sees fit to enter into a contract of this sort, it is the duty of the courts, when called upon, to enforce it as it is written. The appellate courts of Canada have uniformly sustained this view."

7. If a man is willing to contract that he shall be liable for the whole value of a chattel before he obtains title thereto, there is nothing to prevent his doing so and thereby bind himself to pay the whole sum: *White* v. *Solomon,* 164 Mass. 516 (42 N. E. 104, 30 L. R. A. 537).

In the present case the defendant unconditionally promised to pay the balance of the purchase price of the automobile. The vendor retained the title to the car as security for the price. The defendant having paid thereon another car, had an equitable interest in the automobile mentioned in the contract. That interest was not absolutely cut off by the act of the seller retaking possession. The buyer can be amply protected in a suit in equity to foreclose the contract. If the car is of much greater value than the sum due on the note the buyer would ordinarily get the benefit thereof. In any event, the holder of the note would collect only what is due on the contract. The contract does not specify the manner of foreclosing the same, or selling the car, after the vendor or his assignee should take possession.

Under the stipulations made in the contract by the defendant, he has no reason to complain upon a foreclosure of the contract and the sale of the car, credit-

ing the proceeds thereof upon his note and allowing the plaintiff to obtain judgment for any balance that may remain due thereon, in accordance with the contract which he executed: *Herring-Marvin Co.* v. *Smith,* 43 Or. 315, 321 (70 Pac. 704, 73 Pac. 340); *McDaniel* v. *Chiaramonte, supra; International Harv. Co.* v. *Bauer, supra; First Nat. Bank of Sheridan* v. *Yocom,* 96 Or. 438 (189 Pac. 220); *Endicott* v. *Digerness,* 103 Or. 555, 569 (205 Pac. 975); *Campbell Printing Press Co.* v. *Powell,* 78 Tex. 53, 63 (14 S. W. 245); *Ballenger* v. *West Pub. Co.,* 239 U. S. 646 (60 L. Ed. 484, 36 Sup. Ct. Rep. 167); *Rose-Meehan Brake Shoe Foundry Co.* v. *Pascagoula Ice Co.,* 72 Miss. 608, 615 (18 South. 364).

8. The defendant asserts error in the allowance of attorney's fees for the reason there was no evidence of the reasonable amount thereof. The parties stipulated upon the trial that the court should fix the amount of attorney's fees. It can hardly be said that the court had no evidence upon which to base its finding in this respect as the record of the case was before the court and all of the proceedings therein had been had before the judge. The cases of *Portland Sash & Door Co.* v. *Parker,* 61 Or. 203 (121 Pac. 1135), and *Wills* v. *Zanelle,* 59 Or. 291, 296 (117 Pac. 291), are authority for the finding of the court as to a reasonable attorney's fee, in the manner stipulated.

In *State* v. *Ganong,* 93 Or. 440 (184 Pac. 233), a condemnation proceeding cited by defendant, there was no allegation in the answer as to the amount which would be reasonable as an attorney fee. In the present case the plaintiff alleges that $150 is a reasonable sum to be allowed as attorney's fee in this suit. The court allowed $125 as such attorney's fee.

The parties in effect stipulated as to the evidence upon which the court should base its finding as to what such reasonable amount was. The case of *State* v. *Ganong, supra,* is not in point.

9. The defendant complains that at the time the car was returned to defendant the officer of defendant promised or proposed to repair the car and sell it and credit the net amount upon the contract. It does not appear that defendant accepted such proposal. It it not shown that by an expenditure for repairs any greater net sum would be realized for the car than in the sale upon foreclosure. The defendant has no cause for complaint in this regard. The decree of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BROWN and BELT, JJ., concur.