Argued September 21, reversed October 18, rehearing denied November 29, 1927.

## P. M. LYNCH ET AL. *v.* SABLE–OBERTEUFFER-PETERSON, INC.

(260 Pac. 222.)

**Sales—Parties to Conditional Sales Contract may Specify Terms of Adjusting Differences in Case Buyer Becomes Delinquent.**

1. Parties to conditional contract of sale may specify terms of adjusting their differences in case buyer becomes delinquent.

**Sales—Seller Under Conditional Sales Contract Need not Resort to Court to Repossess Automobile and Sell Same, Where Contract Authorizes Seller to Do so.**

2. Where automobile is sold under conditional sales contract, it is not necessary for seller to resort to court in order to repossess automobile and sell same, where contract authorizes seller to do so.

---

2. See 24 R. C. L. 479.

Sales—Where Seller Repossessed Automobile on Default, in Accordance With Conditional Sales Contract, and Canceled Contract, This Closed Transaction, and Seller Became Owner.

3.   Under conditional sales contract, providing that in case of breach seller could enter any place where property might be found, and remove same, where seller repossessed car on default in payments and canceled contract with buyer for sale of automobile, this closed transaction, and seller became owner of car freed from equity of plaintiffs therein.

Contracts—Where There was No Consideration for Promise of Seller, Who Repossesses Automobile Under Conditional Sales Contract to Hold Automobile, Its Promise Could not be Enforced.

4.   Where there was no consideration for promise of seller, who had repossessed automobile in accordance with terms of conditional sales contract, to hold automobile for buyer until certain date, its promise could not be enforced in law.

Sales—Complaint, Showing That Defendant Seller had Repossessed Automobile According to Terms of Conditional Sales Contract, Showed That Title was Vested in Defendant.

5.   Complaint, in action against seller for breach of contract for sale of an automobile, which showed that defendant had repossessed automobile in accordance with terms of conditional sales contract, showed on its face that title thereto was vested in defendant.

Sales—Where Seller Retook Automobile Under Conditional Sales Contract and Canceled Contract, It Exhausted Remedy Against Buyer.

6.   Where seller, in accordance with terms of conditional sales contract, retook possession of automobile on default in payment and canceled contract, seller thereby exhausted its remedy against buyer.

Evidence—Court may Take Judicial Notice That Car Depreciates Materially When Once Sold and Used.

7.   That car depreciates materially when once sold and used is of such common knowledge that court may take judicial notice thereof.

Sales—By Terms of Conditional Sales Contract, Accessories Attached to Automobile by Buyers were Forfeited With Car on Default in Payment.

8.   Under conditional sales contract, providing that on default in payment or breach of agreement seller could repossess automobile or any property found in or attached to said property and retain same, accessories attached to car by buyers were forfeited with car on default in payment.

4. See 6 R. C. L. 649.

6. Rights of parties after seller has repossessed property, see note in 37 A. L. R. 91. See, also, 24 R. C. L. 491.

Sales—In Action by Buyers for Breach of Automobile Sales Contract, Where Seller had Repossessed Automobile Under Contract, and Evidence Showed No Consideration for Seller's Agreement to Hold Car, Court Should have Directed Verdict for Defendants.

9.   In action by buyers for breach of contract for sale of an automobile, where seller had repossessed automobile on default in payment under terms of conditional sales contract, and evidence showed no consideration for agreement of seller to hold car for buyer, verdict should have been directed for defendants.

Appeal and Error, 4 C. J., p. 648, n. 32, p. 843, n. 65.
Contracts, 13 C. J., p. 312, n. 67, p. 351, n. 29, p. 352, n. 42, p. 783, n. 72.
Evidence, 23 C. J., p. 59, n. 22, p. 167, n. 91 New.
Sales, 35 Cyc., p. 673, n. 55, p. 697, n. 16, 21, p. 619, n. 22, p. 701, n. 46 New, p. 708.

From Multnomah: Louis P. Hewitt, Judge.

Department 2.

Plaintiffs recovered judgment against defendant in the sum of $400 for breach of contract for the sale of an automobile. Defendant sold to plaintiffs May 8, 1924, an automobile for the sum of $1,685 upon which plaintiffs paid the sum of $585 and promised and agreed to pay defendant the balance as follows: $550 in thirty days and $550 in sixty days from that date with interest on the deferred payments at the rate of 8 per cent per annum. Said sale was evidenced by a written contract in which plaintiffs unconditionally promised to pay said amount and by the terms of which defendant retained title to the car until the full purchase price should be paid. Plaintiffs failed to pay the deferred installments and on the sixteenth day of July, 1924, defendant "without any notice to plaintiffs demanded the payment of the whole sum or return of said automobile to it and took possession of said above described automobile." The plaintiffs then state their grievance as follows:

"That without any notice to plaintiffs, or without any proceedings in court or otherwise to foreclose the said contract, or the rights of plaintiffs in and to said automobile, and after defendant for a valuable consideration had agreed with the plaintiffs that if plaintiffs paid to defendant the amount due it under said contract by the 10th day of September, 1924, the defendant would return said automobile to plaintiffs, the defendant on or about August 25, 1924, converted said automobile to its own use and benefit and sold and disposed of the same."

Plaintiffs for their second cause of action allege that they purchased and attached to said automobile accessories of the value of $105.15 and repeat the allegation quoted above. Defendant answered admitting the sale, setting out the written contract as an exhibit to its answer and alleges:

"In this connection the defendant alleges that it took possession of the said automobile and of the property attached thereto under and by virtue of the said contract, Exhibit 'A,' that any and all property or accessories which the defendant placed upon said automobile were in or attached thereto when the possession was taken; that possession was taken by reason of the failure and refusal of plaintiffs to carry out the terms of said contract, and was rightfully and lawfully taken and in accordance with the terms of said contract."

The affirmative matter in the answer was put in issue by a reply. The case was tried to a jury which returned a verdict in favor of plaintiffs for $400 and defendant appeals from the judgment entered on said verdict. Defendant assigns as error the court's refusal to nonsuit plaintiffs and return a verdict in favor of the defendant. Those parts of the contract pertinent to the issues in this court and other facts

necessary to understand our decision will be set out in the opinion.   REVERSED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Walter G. Hayes* and *Mr. A. E. Clark*, with an oral argument by *Mr. Clark*.

For respondents there was a brief and oral argument by *Mr. Will H. Masters*.

COSHOW, J.—1-3. Parties to a conditional contract of sale may specify the terms of adjusting their differences in case the buyer becomes delinquent. It is not necessary for the seller to resort to court in order to repossess the automobile and sell the same where the contract authorizes the seller so to do: *Standring* v. *Gordon,* 118 Or. 339, 345, 346 (246 Pac. 361). The contract in the instant case provides:

"In case of default in the payment of any amount due as above provided, * * of if the undersigned shall be guilty of any breach of any of the other agreements of the undersigned herein, the second party is authorized to enter any place where said property may be found, and take and remove the same, or any property found in or attached to said property, and retain all of the same, and likewise retain all sums paid in part performance of this contract, as compensation for any depreciation or other expense arising on account of the use of said property by the undersigned, and as payment for the use of said property, and as liquidated damages for breach of this agreement, and elect any legal or equitable remedy for recovering the balance of the purchase price."

The "undersigned" referred to in the foregoing excerpt are the plaintiffs and the "second party" is the defendant. When the defendant therefore took

the car in its possession and canceled its contract with the plaintiffs for the sale of said automobile defendant elected its remedy for the delinquency of plaintiffs under the authority of *Standring* v. *Gordon*, above. This closed the transaction. Defendant became the owner of the car freed from the equity of plaintiffs therein. Plaintiffs forfeited their interest in the car and all other rights under the contract of purchase. The contract of purchase was introduced by plaintiffs as a part of their case and shows on its face that it was canceled on the day after plaintiffs claim the car was taken from them by defendant.

This court has twice or more adopted as the law in this state under contracts of sale the rule laid down in 1 Mechem on Sales, Section 615. Defendant exercised its option designated No. 1 in that rule which reads as follows:

"(1) He may treat the contract as rescinded upon default of the buyer and recover the goods. In that event, that is his only remedy." *Francis* v. *Bohart,* 76 Or. 1, 5 (143 Pac. 920, 147 Pac. 755, L. R. A. 1916A, 922); *McDaniel* v. *Chiaramonte,* 61 Or. 403 (122 Pac. 33).

4–7. Plaintiffs rely upon a claim that defendant promised to hold the automobile after it repossessed itself thereof as security for the unpaid purchase price. Plaintiffs claim that defendant so promised to hold said automobile for plaintiffs until the tenth day of September. They allege in their complaint that this promise was made for a valuable consideration. Careful reading of the testimony, however, fails to disclose any consideration for the alleged promise relied upon by plaintiffs. The sole testimony of this feature of the case is an interview between one of the plaintiffs and the president of de-

fendant on a street in the City of Portland.   There is
no testimony of anything of value having passed be-
tween them at that time.   Plaintiffs do not claim that
they paid any amount as earnest-money.   If the al-
leged agreement was supported by any consideration
this court would be bound by the verdict of the jury.
But inasmuch as there was no consideration for the
promise on the part of defendant to so hold the au-
tomobile its promise cannot be enforced in law.   The
complaint shows on its face that the title thereto was
vested in the defendant.   This court held in *Jeffries*
v. *Pankow,* 112 Or. 439 (223 Pac. 745, 229 Pac. 903),
that yielding possession of an article by a delinquent
buyer under contract of sale was no consideration for
a bailment.   Plaintiffs did nothing they were not
bound by their contract to do when they surrendered
the car to the defendant.   There was then no consid-
eration at all for the promise to resell the automobile
to the plaintiffs for the unpaid balance of the pur-
chase price.   *Jeffries* v. *Pankow* is a very similar
case to the one at bar and is controlling so far as the
matter of consideration for the alleged promise to
hold the car for the benefit of plaintiffs is concerned.

Another case relied upon by plaintiffs is *Manley
Auto Co.* v. *Jackson,* 115 Or. 396 (237 Pac. 982).   The
plaintiff in that case repossessed itself of the auto-
mobile which had been sold to defendant under a con-
tract exactly like the one involved in the instant case
in so far as the remedy of the seller is concerned.   In
addition to taking possession of the automobile upon
the delinquency of the buyer the seller brought suit
to foreclose any interest the buyer had therein.   In
other words, the seller proceeded under the fourth
option of the rule laid down in 1 Mechem on Sales,
Section 615.   Said fourth option reads as follows:

"He may, if the contract permits it, without rescinding, take possession of the goods and hold them as security for the fulfillment of the contract."

Defendant could have followed that course in the instant case. Instead it retook possession of the automobile and canceled the contract. It thereby exhausted its remedy against plaintiffs. Plaintiffs ought not to complain because defendant did not hold the car as security for the unpaid purchase price and bring suit to recover on the notes given by plaintiffs binding them to pay the price of the automobile with the attendant costs and disbursements. That a car depreciates materially when once sold and used is of such common knowledge that the court may take judicial notice thereof. If the amount of depreciation was involved proof would be required of the extent of the depreciation. But the court can properly recognize that an automobile materially depreciates when once sold and used. Doubtless plaintiffs would have been losers if defendant had pursued the course followed by plaintiff in *Manley Auto Co.* v. *Jackson,* above. In such procedure plaintiffs would become liable for all costs, disbursements and expenses, including attorney's fees, incurred in a foreclosure suit and public sale, and also for personal judgment for any amount remaining of the purchase after application of the net proceeds of the sale of the automobile. There is no reasonable probability that the automobile would have sold for as much as the balance of the purchase price. In all probability in addition to losing the amount paid on account of the purchase for which they had the use of the automobile, plaintiffs would have suffered a personal judgment against them of no inconsiderable sum.

8, 9. By the terms of the contract the accessories attached to the car by plaintiffs were forfeited with the car. The motion for a directed verdict should have been sustained. The judgment is reversed and the case remanded, with directions to proceed in accordance with this opinion.

REVERSED AND REMANDED.   REHEARING DENIED.

RAND, C. J., and BROWN and BELT, JJ., concur.