Argued January 7; affirmed June 3, 1930

WICKWIRE ET AL. *v.* HANSON

(288 P. 404)

*H. E. Slattery* of Eugene for appellants.

*D. B. Evans* of Eugene (Immel & Evans of Eugene on the brief) for respondent.

COSHOW, C. J. Plaintiffs insist that under the terms of the conditional sales agreement they were entitled to a trial at law with a jury. Plaintiffs cite and rely on *Manley Auto Co. v. Jackson,* 115 Or. 396, 400 (237 P. 982); *Endicott v. Digerness,* 103 Or. 555, 561 (205 P. 975); *McDaniel v. Chiaramonte,* 61 Or. 403, 408 (122 P. 33). After quoting from Mechem on Sales, section 615, plaintiffs say in their brief:

"The foregoing has been approved a number of times by this court. The fourth remedy specified above provides that if the contract permits, the vendor may hold the goods as security for the fulfillment of the contract. In such a case, equity would have jurisdiction to foreclose; but in this case, the contract does not say that defendant may hold the property as security. According to the contract in this case the remedy is specified by the terms of the contract."

The "foregoing" refers to said Mechem on Sales. It is the law of this state that the parties to a contract may agree upon its terms and in cases of conditional sales the courts will enforce the contract as agreed upon between the parties: *Standring v. Gordon,* 118 Or. 339, 345, 346 (246 P. 361); *Lynch v. Sable-Oberteuffer-Peterson, Inc.,* 122 Or. 597, 601 (260 P. 222, 55 A. L. R. 180). By the terms of the conditional sales agreement the vendor agreed to sell and the vendee agreed to buy. Plaintiff, therefore, became

directly obligated to pay to defendant the purchase price for the trucks and business, to wit: $3,650. The contract further provides:

"Third: It is understood and agreed that the title and the property in the hereinbefore mentioned personal property is to remain in the vendor until the entire purchase price is paid, and until the vendees shall have kept, performed, and complied with the terms of this contract."

The contract further provides:

"Sixth: It is further understood and agreed that if default be made in the payment of any installment of principal or interest, or in case of failure to make any payment herein provided when due and payable, or if the vendees shall fail to comply with any of the agreements hereof, * * * the vendor may retake the possession of the said personal property at her election and without notice to the vendees, and the vendor may further declare the entire amount due under this contract due and payable at once."

■ The learned trial judge found that defendant took possession of the trucks by virtue of the provisions of said sixth paragraph of said conditional sales agreement. She held the title to all such property until the contract price should be paid. What other possible reason could she have for holding it and taking possession of it except as security for the payment of plaintiffs' obligation to her? It is true defendant might have agreed to accept the property in full payment of the balance due her, but plaintiffs do not claim that she did. Plaintiffs claim that the mere act of her taking possession operated to rescind the contract. We think the terms of the contract authorized her to take the property and hold it in security for the balance of the purchase price, unless she had forfeited that right by breaching the contract herself.

The only charge of breaching the contract insisted upon is defendant's refusal to cancel her right to do business under the assumed name of Reedsport-Eugene Freight line. It is doubtful that the agreement required her to do that until plaintiffs had performed by paying the purchase price. Until they had done that and performed the other obligations on their part defendant was to retain the title of all the property agreed to be conveyed. But she admits she agreed to release her right to the assumed business name. She testified that she went to the county clerk's office to formally execute a release, and was informed that plaintiffs were using the name. She also testified that she was always ready to do what was necessary to be done in order to enable plaintiffs to use the name.

Plaintiffs operated the business only fifteen days. Their failure to secure the evidence of their right to conduct the freight business under the name of Reedsport-Eugene Freight line was due to a misunderstanding. Plaintiffs testify that defendant promised to transfer that right. Defendant did not breach the contract with plaintiffs by refusing to release her right to use the assumed name. Plaintiffs were not hindered or prevented from conducting the business by the short delay on her part.

There is no doubt that plaintiffs breached the contract by refusing to pay the instalments agreed to be paid. Defendant availed herself of the provision of the contract authorizing her to declare the entire amount of the purchase price due. Defendant was then entitled to resort to equity by an affirmative answer as a complaint in equity to foreclose the interest of plaintiffs in the property. Plaintiffs accede in their brief that if the contract permitted it, as stated in Mechem

on Sales, section 615, the defendant was entitled to foreclose in equity. The contract permits defendant to declare future instalments due if and when plaintiffs defaulted. Defendant is thereby authorized to collect future instalments as well as past due instalments.

■■ Plaintiffs attempted to rescind after engaging in the business fifteen days. They admitted that they rescinded partly because the business did not pay during that time. They had paid $1,000. They did not have just cause to rescind. It would have been unequitable for defendant to have retained the property and the $1,000 also. The contract permits the foreclosure of plaintiffs' interest in the property. Under the existing conditions foreclosure was the equitable and proper remedy for defendant to pursue. Foreclosure offered both parties the opportunity to protect their interests.

We find no error in the record. The decree is affirmed.

BELT, BEAN and ROSSMAN, JJ., concur.