Argued October 26, reversed November 25, 1953, petition
for rehearing denied January 6, 1954

SMITH ET AL. *v.* CHANDLER ET AL.

263 P. 2d 764

*Cleveland C. Cory,* of Portland, argued the cause for appellant. With him on the brief were Hart, Spencer, McCulloch, Rockwood and Davies, of Portland.

*Charles R. Cater,* of La Grande, argued the cause and filed a brief for respondents.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, LUSK, TOOZE and PERRY, Justices.

PERRY, J.

On May 25, 1950, the plaintiffs purchased from the defendant under a conditional sales contract one Minneapolis-Moline power unit for the sum of $1,885.80, payable in monthly installments of not less than $314.30, the first payment to be made on the 1st day of June, 1950, and a like payment on the same day of each succeeding month until fully paid. Plaintiffs paid on the contract a total sum of $1,592.48, but failed to pay the last installment due December 1, 1950, of $293.32. The defendant made frequent demands upon the plaintiffs for the payment of this delinquent sum, together with interest thereon, and on or about July 15, 1952, the defendant demanded payment, giving notice to the plaintiff that she would repossess the property if the payment was not made. Pursuant to her notice, and under the provisions of the contract, the defendant rescinded the contract and repossessed the power unit, retaining all sums paid thereon, and on or about August 29, 1952, the defendant resold the power unit for $850. Subsequent to the

resale of the power unit by the defendant the plaintiffs made demand that the defendant pay to the plaintiffs the excess money received from the resale of the power unit over and above the balance due the defendant under the terms of the conditional sales contract with interest. This the defendant refused to do and this action was commenced.

All of these facts appear in an agreed statement of facts stipulated to by the parties. The conditional sales contract, termed "Industrial Contract", is set out in full in the agreed statement of facts, but so far as pertinent to the issues before us it reads as follows:

"* * * * *

"In case of default in the payment of any amount due as above provided * * *, the second party is authorized to enter any place where said property may be found, and take and remove the same, or any property found in or attached to said property, and (1) retain all of the same and likewise retain all sums paid in part performance of this contract, as compensation for any depreciation or other expense arising on account of the use of said property by the undersigned, and as payment for the use of said property, and as liquidated damages for breach of this agreement, treating this contract as rescinded, or (2) treating the contract as in force but broken by the undersigned, the second party may recover damages for the breach of this agreement, or (3) treating the contract as still in force, he may hold the above described property as security for the fulfillment of this agreement but (4) he may waive the return and recovery of the said described personal property and sue hereon for the balance due hereunder."

The cause was submitted upon the agreed statement of facts to the court without a jury, and upon the above facts the court determined that the plaintiffs

were entitled to recover judgment from the defendant in the sum of $505.39, with interest and costs. From this adverse decision defendant appeals.

The question before us is one of the application of the law to the agreed facts, and is in effect this:— Where the parties have provided in case of a vendee's default that the conditional vendor may retake the property and also retain the payments made under the contract as compensation for any depreciation or other expense arising on account of the use of the said property by the vendees, and as payment for the use of said property, and as liquidated damages, treating the contract as rescinded, can the vendees recover from the vendor any overplus recovered from the resale of the property repossessed over and above an amount necessary to compensate the vendor for an actual loss sustained? The answer in this case must be in the negative.

This state has not adopted the Uniform Conditional Sales Act, nor has there been enacted any legislation covering such a situation, but this court has consistently followed the rules as to choice of remedies of the vendor on default of the vendee set forth in 1 Mechem on Sales 503, Conditional Sale of Specific Chattels, § 615, which are as follows:

"Where, therefore, the vendee is, expressly or impliedly, entitled to the possession until default, the vendor, who would take advantage of a default, may often have a choice of remedies. Under varying circumstances, the following list is open to him:

"1. He may treat the contract as rescinded, upon the default of the buyer, and recover his goods. If he does this, he has no other remedy.

"2. He may treat the contract as in force but broken by the vendee; he may retake and keep the

goods as his own, and, if the contract imposed upon the buyer an absolute obligation to buy, he may recover of the buyer damages for the breach of his agreement to buy and pay for the goods. The measure of damages will ordinarily be the difference between the contract price and the market value of the goods at the time and place of default.

"3. He may, if the contract contains an unconditional agreement on the part of the vendee to pay, waive a return of the goods, treat the contract as executed on his own part, and recover from the vendee the agreed price of the goods.

"4. He may, in some cases, if the contract permits it, without rescinding or terminating the contract, resume possession of the goods, hold them subject to the contract, and then enforce performance by the vendee, who, upon such performance, will be entitled to restoration of the goods."

See *Lynch v. Sable-Oberteuffer-Peterson, Inc.,* 122 Or 597, 602, 260 P 222.

■ Here the parties dealing as strangers provided the remedies of the vendor after breach by the vendee, and where so provided they will, generally, be upheld. *Manley Auto Co. v. Jackson,* 115 Or 396, 237 P 982; *Lynch v. Sable-Oberteuffer-Peterson, Inc.,* supra; *First Nat. Bank of Sheridan v. Yocom,* 96 Or 438, 443, 189 P 220.

■ The defendant acted in accordance with the express provisions of the contract of the parties in taking possession of the property upon the unwaived default of the plaintiffs and terminating any rights the plaintiffs had therein. This was not a rescission in strict legal terminology, as a rescission as such "terminates the contract by a method not authorized by the agreement itself. It extinguishes the contract despite its provisions which contemplate an entirely different result".

*Holland v. Bradley,* 140 Or 258, 263, 12 P2d 1100. In this case the forfeiture declared was in accordance with the express terms of the parties to the contract and was done in furtherance of those terms.

The plaintiffs contend, however, that to permit the defendant to retain the payments made and also the property conditionally sold is unconscionable as it resulted in the unjust enrichment of the defendant.

■ We are not unmindful that the defendant in the matter before us, under all of the circumstances, received monies in excess of the contract price of the machinery, but the parties in effect specifically stipulated in their contract that should the plaintiffs decline to complete their purchase, that the payments made were "reasonable rental" for the use of the said property.

The defendant by exercising option (1) of the agreement had exhausted her remedies. Both possession and title without reservation of rights against the plaintiffs had resulted in an election from which she could not recede and look to the plaintiffs for any deficiency should the machinery fail to bring a sufficient amount to cover the deficiency of the defendant. *Jackson v. Clackamas Meat Co.,* 168 Or 558, 124 P2d 719. Had the sale resulted in a loss, that loss would have been the defendant's.

We find nothing in this matter that would permit this court to relieve the plaintiffs of the plain import of their contract with the defendant.

The judgment of the trial court is reversed with directions to enter judgment for the defendant.