Argued April 7, reversed May 5, 1954

JOHNSON ET UX. *v.* CALLAWAY

269 P. 2d 1045

*Kenneth A. Poole,* of Eugene, argued the cause for appellant. On the brief were Thompson & Sahlstrom, of Eugene.

*Frank B. Reid,* of Eugene, argued the cause for respondents. On the brief were Reid & Bartle, of Eugene.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN and PERRY, Justices.

LATOURETTE, C.J.

Action by plaintiffs to recover the balance of the purchase price of certain personal property, consisting of restaurant equipment, purchased by defendant under a conditional sales contract. Upon motion of the parties for a directed verdict, the court found for plaintiffs, whereupon defendant appealed.

The facts are that in 1947 plaintiffs leased to Ferd Zebb and wife certain restaurant premises situated in Eugene, Oregon, for a period, including extensions, ending December 31, 1952. Through various assignments Marian J. Lee and Laura McCoskrie succeeded to the lessees' rights under said lease. On April 1, 1950, they sold to defendant under a conditional sales contract certain restaurant equipment and merchandise for the sum of $9,080, payable $4,000 down, $80 to the Neon Sign Company, and the balance of $5,000 payable in monthly installments of not less than $200 a month, including interest at the rate of 5 per cent per annum.

For some reason the lease to the premises was not assigned to the defendant, although the contract in

question provided that the defendant was to have possession of the premises as long as he complied with the terms of the conditional sales contract. The contract, however, provided as follows:

"It is expressly understood and agreed that the Purchaser does hereby assume and agree to abide by the terms of that certain lease dated January 1, 1950, expiring December 31, 1952, given by Johnson Properties, as Lessors and Marian J. Lee and Laura McCoskrie, as Lessees, covering the premises at 780 East 11th St., Eugene, Oregon, known as the Duck Inn, and that the Purchaser will make all payments of rental under said lease promptly and before the same become delinquent, and will in all ways abide by the terms of said lease.

"The Seller does hereby agree that in the event the Purchaser fully performs the terms of this contract and the provisions of said lease, that upon the full and complete payment of the equity and interest of the Seller as provided in this contract, the Seller will assign and deliver unto the Purchaser all of their right, title and interest in and to the hereinabove described lease and will relinquish all claim thereto, but in the event the Purchaser shall default in any of the provisions of this contract, or of said lease and (sic) [then] the Purchaser shall forfeit all right and claim thereto.

"In case default is made and this contract terminated as above provided, the Purchaser shall forthwith peaceably deliver up possession of all goods and chattels to the Seller in good order and condition, reasonable use and wear thereof excepted, but in case said property shall be seriously injured or impaired in value, or in case suit shall be brought to recover possession of the same, or for such injury, then the Seller shall be entitled in addition to the forfeited payments, to recover full compensation for such injury or impairment and court costs and reasonable attorney's fees in such suit or action."

Thereafter plaintiffs purchased the contract in question from Lee and McCoskrie. Defendant made his rental and contract payments, as required, for a period of about a year when he defaulted. Thereupon, plaintiffs obtained judgments against defendant for back rental and for the restitution of the premises.

Subsequently the present action was instituted to recover the balance of the purchase price under the contract, whereupon the restaurant equipment, etc., was attached in the action and after judgment the property was sold on execution.

The main question before us is whether or not the plaintiffs, in bringing the f. e. d. action, are barred from recovering the balance of the purchase price of the conditional sales contract, which involves the construction of the default clause hereinbefore set out.

Where a conditional sales contract has been broken by the purchaser, the seller may waive his right to recover possession of the property and sue for the purchase price. *Herring-Marvin Co. v. Smith,* 43 Or 315, 72 P 704, 73 P 340. Or, he may treat the contract as rescinded upon default of the buyer and recover the goods, in which event that is his only remedy. *Francis v. Bohart,* 76 Or 1, 143 P 920, 147 P 755.

It must be remembered that there are various kinds of conditional sales contracts and each contract must be construed in the light of the particular wording of the same. *Standring v. Gordon,* 118 Or 339, 345, 246 P 361. Parties may stipulate with particularity what shall be the effect of a default by the vendee, and what shall be the respective rights and duties of the parties thereafter. *Manley v. Jackson,* 115 Or 396, 400, 237 P 982.

The language of the contract in the instant case is quite different from that found in the ordinary con-

ditional sales contract. Here we have an agreement on the part of the purchaser to abide by the terms of a lease to which he is not a party. The only contractual relations between plaintiffs and defendant stem from the contract to which plaintiffs became parties when they acquired the same from the defendant's vendors. The contract provides that in case the purchaser shall default in any of the provisions of the contract, the purchaser shall forfeit all right and claim thereto. Among the important rights under the contract was the right to the possession of the leased premises. By failing to pay the lease rental defendant was in default on his contract. In such circumstance, plaintiffs had the option to sue for the rental or pursue the remedy provided in the default clause. By bringing the f. e. d. action they embraced the latter remedy. In so doing they elected to rescind the contract, thus divesting defendant of all claim and interest in and to the same. Having thus elected, they were entitled under the contract to the possession of the leased premises and a return of the equipment in question, with a right of action for damages for injury to the same, if any, and were thereby precluded from pursuing the remedy they now invoke. *Lynch v. Sable-Oberteuffer-Peterson, Inc.*, 122 Or 597, 602, 260 P 222.

Reversed.