Argued at Pendleton November 2, affirmed December 6, 1927, rehearing denied January 24, 1928.

## OREGON MOTOR COMPANY *v.* H. P. CARTER
### ET AL.

(261 Pac. 691.)

**Witnesses—In Action for Balance on Note, It was Proper Cross-examination to Ask Payee's Officer Whether Conditional Sales Contract was not Executed at Same Time.**

1.   Where, in action for balance due on note, in which defendants contended that note was part of conditional sales transaction, payee's officer produced note and testified to balance due thereon, he thereby vouched for fact that note constituted agreement of the parties, and it was proper cross-examination to ask him whether conditional sales contract was not made when note was executed, in view of allegation of payee's reply that conditional sales contract and mortgage were executed at same time.

**Sales—Stipulation in Conditional Sales Contract for Repossession and Release of Seller on Buyer's Default is Agreement for Rescission, in Absence of Buyer's Promise to Pay Any Balance Due Thereafter.**

2.   A stipulation in a conditional sales contract for repossession of the article sold, on buyer's default in payment and release of the seller from his agreement to convey the title to the buyer, is regarded as an agreement for rescission, even though buyer has unconditionally agreed to pay, unless contract includes a promise on part of buyer to pay any balance due after the proceeds of the sale of the article repossessed have been applied on the debt.

Sales—Effect of Conditional Buyer's Silence, After Receiving Conditional Seller's Letter Reciting Terms on Which it Took Possession of Automobile, Held Fact Question for Jury.

3. Effect of conditional buyer's silence, after receiving conditional seller's letter reciting terms on which it took possession of automobile, written to make evidence of something which writer felt had been previously orally agreed on, *held* question of fact for the jury, as against conditional seller's contention that such silence constituted acquiescence and acceptance of statement in letter as true.

Sales—Note and Conditional Sales Contract, Given in Same Transaction, Held Properly Construed Together.

4. In the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purposes, and in the course of the same transaction, are deemed and will be construed together, as if they constituted one instrument in form, as they are in substance, and note and conditional sales contract given under such circumstances *held* properly construed together.

Appeal and Error—Claim Respecting Which No Instruction was Requested, nor Assignment of Error Made, was Presented Only in Connection With Motion for Directed Verdict.

5. Claim respecting which plaintiff asked no instruction, nor made any assignment of error, was presented only in connection with plaintiff's motion for a directed verdict.

Trial—Instructions are to be Construed as an Entirety.

6. Instructions are to be construed as an entirety.

---

Appeal and Error, 4 C. J., p. 1129, n. 58.
Contracts, 13 C. J., p. 528, n. 50, p. 782, n. 53 New, p. 789, n. 34, p. 797, n. 56.
Estoppel, 21 C. J., p. 1252, n. 93.
Sales, 35 Cyc., p. 53, n. 47, p. 666, n. 10, p. 705, n. 4, p. 706, n. 5.
Trial, 38 Cyc., p. 1634, n. 15, p. 1778, n. 73.
Witnesses, 40 Cyc., p. 2507, n. 16.

From Baker: C. M. McCOLLOCH, Judge.

In Banc.

This is an action upon a promissory note. The plaintiff is payee, the defendants are the makers. The complaint in the usual form alleges the note, its nonpayment and asks for judgment. The answer

---

6. See 14 R. C. L., Instructions, sec 76.

contains a general denial and by way of new matter alleges that August 27, 1920, plaintiff and defendants entered into a conditional sales contract whereby defendants conditionally purchased from the plaintiff an automobile; that in order to evidence defendant's promise to pay the balance due upon the purchase price, the defendants executed the note mentioned in the complaint; the answer avers that the conditional sales contract contained the following provision:

"It is distinctly understood and agreed that should said purchaser fail to make any of said payments to said seller in the amounts, manner and within the time herein provided for, or should said purchaser fail to perform any of the terms or conditions hereof in the manner and within the time herein provided for, said seller may declare the entire purchase due and payable without notice, and may take immediate possession of said automobile, attachments, accessories, and equipment, and in either or both events all of the rights, titles and equities of said purchase in and to said automobile shall immediately cease and determine, and said seller shall be released from all obligation to transfer or deliver said automobile to said purchaser. And all sums of money theretofore paid by said purchaser to said seller hereunder shall remain the sole property of said seller and shall be considered as compensation for the use of said automobile by said purchaser."

The answer avers that plaintiff took possession of the car and that the defendant surrendered the same to the plaintiff, thereby fully satisfying and discharging their obligation. The reply admitted that the parties entered into the conditional sales contract; further it alleges that the promissory note mentioned in the complaint was executed at the same time and as part of the transaction of the conditional sales agreement; that at the same time a chattel mortgage

was executed by the defendants to secure the payment of the automobile. Further the reply alleges that in November of 1921, the plaintiff and defendants agreed that the former should take possession of the automobile, make some repairs upon it, sell the car and apply the proceeds upon the note, and that if any balance remained the defendants would pay it. The reply alleged that it repaired the car, sold it, credited the proceeds upon the note, and that the amount prayed for in the complaint represents the balance remaining.

The verdict of the jury and the judgment of the court was for the defendants; plaintiff appeals.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. O. B. Mount.*

For respondent there was a brief over the name of *Messrs. Nichols, Hallock & Donald,* with oral arguments by *Mr. Blaine Hallock* and *Mr. Jas. T. Donald.*

ROSSMAN, J.—1. The first assignment of error is based upon the court's action in overruling plaintiff's objection to the following question asked on cross-examination: "Mr. Lemon: This note, plaintiff's exhibit 'A' was executed at the same time, an additional paper, the conditional sales contract was made between the Oregon Motor Company and the defendants in this case?" Mr. Lemon was secretary of the plaintiff; the objection was, that the question did not constitute proper cross-examination. The witness had produced the note mentioned in the complaint and it had been received in evidence. But the de-

fendants contended that the note alone was not the contract of the parties; they contended that the note, conditional sales agreement and the chattel mortgage were all executed at the same time and as part of the same transaction,. and that in order to understand their agreement it was necessary to read all the documents together. When the witness produced the note and testified to the balance due under it to the plaintiff from the defendants, he thereby vouched for the fact that the note was the repository of the agreement of the parties; this made the preceding question proper cross-examination. In addition, as we have seen, the reply subscribed to by Mr. Lemon averred that the note, conditional sales contract and mortgage were executed at the same time. The objection was clearly without merit.

Plaintiff contends that the court erred in denying its motion for a directed verdict. When the motion was made the note and conditional sales contract had been received in evidence; the testimony showed that the note was secured by a chattel mortgage upon some personal property which defendants sold; plaintiff had received the proceeds. The sales contract was entered into August 27, 1920; December 4, 1921, defendants wrote the plaintiff that they would return the car and apply for a credit of $500; December 6, 1921, one of the defendants brought the car to plaintiff's garage; he testified that thereupon the following took place:

"A. I drove the car into the garage and Mr. Halliday when he heard the motor he stepped out and I says: 'Here is your car, allow me $500 on it,' and he says: 'I can't do it.' I says: 'Foreclose the mortgage then.' He says: 'No, I won't do that.' I says: 'You won't foreclose the mortgage and you won't

allow me $500 for the car,' I says: 'I am done with it,' and turned and walked out. Q. Did you say anything at that time about taking the car? A. Yes. I told him I would take the car back. He says: 'No you won't do that,' and he went behind the car and closed the garage doors. Q. He wouldn't let you take the car out? A. No, sir. Q. Did he say anything at that time about selling the car for you? A. No. Q. Did he give you any credit for the car? A. No, sir. Q. Was he an officer of the Oregon Motor Company at that time? A. I presume he was president, I don't know. Q. He was at their place of business? A. Yes, sir.''

Mr. Halliday was at that time in the employ of the plaintiff with authority to handle the above transaction. The plaintiff's explanation of the above situation was, that the defendants being unable to pay for the car, brought it to the plaintiff's place of business and agreed with them that they should repair the car, resell it and credit the proceeds upon the note after the costs of repairs were deducted; plaintiff took possession of the car, made some repairs, sold it and after deducting the cost of the repairs, applied the balance upon the note. On December 6, 1921, plaintiff wrote defendants:

"Answering your letter of the 4th inst. will say Mr. Carter brought the car mentioned in today and left it here. It is understood the car is simply left here for sale and the proceeds, after deducting the repairs, storage and expense of demonstrating, will be credited to your account. If you have any other understanding, please advise us at once or we will consider this as the basis on which the matter is understood.''

To which defendants replied on December 11th:

"In reply to your last letter about the car that I used to own (1920 model) in regards to overhauling

which you mentioned will say if you overhaul this said car you do it at your own expense as I will not stand for the bill.''

Apparently nothing more was said or done between the parties until October 23, 1923, when the plaintiff wrote the defendants that it had sold the car and had credited the defendants with $235.57. Then another lapse of time occurred and on June 25, 1926, the plaintiff demanded the balance which they claimed was due on the note; July 23, 1921, this action was begun. When the plaintiff sold the car it did not consult with the defendants. One of plaintiff's witnesses testified: ''Q. You sold the car as if it belonged to you? A. Yes, sir.'' The same witness was asked: ''Q. As a matter of fact after you got that car into your shop didn't you treat it as your own?'' To which he answered, ''Yes, sir.''

2. The conditional sales contract contains no promise upon the part of the plaintiff to sell the car and apply the proceeds upon the note. It contains no agreement upon the part of the defendants to pay any balance due after the car had been repossessed by the seller, sold and the proceeds credited upon the note. It is true that the defendants unconditionally agreed to pay for the car. But in this state a stipulation for repossession of the article sold and release of the seller of his agreement to convey title to the buyer is regarded as an agreement for rescission when found in a conditional sales contract, even though the buyer has unconditionally agreed to pay, unless the contract includes a promise upon his part to pay any balance due after the proceeds of the sale of the article have been applied upon the debt: *Stand-*

*ring* v. *Gordon,* 118 Or. 339 (246 Pac. 361); see, also, *International Harvester Co.* v. *Bauer,* 82 Or. 686 (162 Pac. 856); *First Nat. Bank of Sheridan* v. *Yocom,* 96 Or. 438 (189 Pac. 220).

Apparently the plaintiff understood that the legal effect of its act in repossessing the car terminated the defendant's interest in it because as we have seen the plaintiff thereafter dealt with the car as if it were the absolute owner. As further evidence that the plaintiff felt it was entitled to no further rights against the defendants under the conditional sales agreement, we have the fact that the plaintiff contends that when it took back the car the parties entered into a new agreement whereby it agreed to repair the car, sell it and out of the proceeds pay the repair bill, and apply the balance on the note. Defendants denied that such an agreement was entered into.

3. The plaintiff relies particularly upon its letter of December 6th and defendants' letter of December 11th; it contends that these letters are protected by the parol evidence rule, and that the court erred in permitting the defendants to testify to their understanding of what happened when the car was returned which, as we have seen, was not in harmony with the contents of plaintiff's letter of December 6th. Manifestly the two letters do not constitute an offer and acceptance; if they were capable of such construction a contract did not arise through their exchange, because the letter of the 11th did not coincide with the terms of the so-called offer. But it is apparent that the purpose of the letter of December 6th was to make written evidence of something which the writer felt had been previously agreed upon

orally; he now relies upon silence as acquiescence, and contends that because a portion of his letter was not replied to, it was accepted as a true statement of what had previously transpired; but the effect of the silence under the circumstances was a question of fact for the jury: Page on Contracts, § 2458; Williston on Contracts, § 91.

We are therefore of the opinion that since the conditional sales contract did not contain a stipulation for payment by the defendants of the deficiency, the plaintiff was entitled to no relief under the contract. The question whether a new contract was entered into in the early part of December was a question of fact for the jury's determination; the court therefore did not err in denying plaintiff's motion for a directed verdict.

4. The chattel mortgage apparently was not introduced in evidence; the note and conditional sales contract were properly construed together, for it is a well-established rule that in the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purposes, and in the course of the same transaction are, in the eye of the law, one instrument, and will be construed as if they were as much one in form as they are in substance.

5. Plaintiff contends that the defendants should be estopped from denying that the parties agreed that the plaintiff should repair the car, sell it, properly apply the proceeds and that then the defendants would pay the balance. Apparently the plaintiff asked for no instructions upon this subject, and no assignment of error is based upon this contention. Under the circumstances this proposition of law is

therefore presented only in connection with the motion for a directed verdict; but we do not believe that the elements of estoppel are present in this case. See *Bramwell* v. *Rowland*, decided by this court November 15, 1927.

The remaining assignments of error relate to instructions given by the court to the jury. The plaintiff contends that the trial judge did not properly submit to the jury plaintiff's theory of the case. Apparently the plaintiff prepared no requested instructions. The exceptions to the instructions given state only, "counsel for plaintiff duly excepted, which exception was allowed by the court." We have carefully read the instructions given and are of the opinion that they properly submitted to the jury plaintiff's theory of the case.

6. Plaintiff also contends that the court's instructions upon the burden of proof are erroneous; he argues that although the execution of the note was admitted by the defendants, the instruction required the plaintiff to establish the execution by a preponderance of the evidence. Instructions are to be construed as an entirety; we find that the court stated to the jury: "It is further admitted that in connection with said transaction, defendant signed and delivered unto plaintiff a promissory note." We have carefully read all of the instructions given and find no error.

Finding no error the judgment of the lower court is affirmed.    AFFIRMED.    REHEARING DENIED.

BEAN, J., did not participate in this decision.